BAXTER v GATES RUBBER COMPANY

Docket No. 99816. Submitted January 20, 1988, at Detroit. Decided September 19, 1988.

Aida Jean Baxter filed a complaint in Oakland Circuit Court against Gates Rubber Company alleging, among other claims, violations of the Civil Rights Act. The circuit court, James S. Thorburn, J., removed the action to the 46th District Court, determining that the amount of plaintiff's damages would be less than $10,000. Defendant sought and was denied leave to appeal before the Court of Appeals. However, the Supreme Court, in lieu of granting leave to appeal, remanded for consideration by the Court of Appeals as on leave granted. 428 Mich 886 (1987).

The Court of Appeals *held:*

1. Jurisdiction over an action which raises several claims, including some under the Civil Rights Act, lies exclusively in the circuit court regardless of the amount of damages in controversy.

2. Since MCR 4.003(B)(1) precludes the removal of fewer than all of the claims in an action, plaintiff's entire complaint must be tried in the circuit court.

Reversed and remanded for further proceedings in the circuit court.

1. COURTS — CIRCUIT COURTS — CIVIL RIGHTS — JURISDICTION — STATUTES.

Jurisdiction over an action which raises several claims, including some brought under the Civil Rights Act, lies exclusively in the circuit court regardless of the amount of the damages in controversy (MCL 37.2801; MSA 3.548[801]).

2. COURTS — CIRCUIT COURTS — REMOVAL OF ACTIONS — DISTRICT COURTS — COURT RULES.

A circuit court shall not order the removal to a district court of fewer than all of the claims in an action (MCR 4.003[B][1]).

REFERENCES

Am Jur 2d, Courts §§ 87 *et seq.,* 154 *et seq.*

See the Index to Annotations under Amount in Controversy; Jurisdiction.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Gail M. O'Brien*), for defendant.

Before: HOLBROOK, JR., P.J., and HOOD and N. J. KAUFMAN,* JJ.

HOLBROOK, JR., P.J. Plaintiff seeks money damages in her complaint alleging, among other claims, violations of the Civil Rights Act. The circuit court removed the case to the 46th District Court pursuant to MCL 600.641(1); MSA 27A.641, ruling that the amount of damages sustained by plaintiff would be less than the jurisdictional limitation applicable to district court. We initially denied defendant's application for leave to appeal. However, the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. 428 Mich 886 (1987).

MCL 37.2801; MSA 3.548(801), § 801 of the Civil Rights Act, provides:

> (1) A person alleging a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both.
>
> (2) An action commenced pursuant to subsection (1) may be brought in the circuit court for the county where the alleged violation occurred, or for the county where the person against whom the civil complaint is filed resides or has his principal place of business.
>
> (3) As used in subsection (1), "damages" means damages for injury or loss caused by each violation of this act, including reasonable attorney's fees.

MCL 600.8301(1); MSA 27A.8301(1) provides:

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

The district court shall have exclusive jurisdiction in civil actions when the amount in controversy does not exceed $10,000.00.

Because plaintiff is asserting a civil action for damages pursuant to the act, the first statute would appear to vest jurisdiction in the circuit court. Because plaintiff's claim is civil in nature and the judge found that damages would be less than $10,000, the latter statute would vest jurisdiction in the district court. Our appellate task is to resolve this apparent jurisdictional conflict.

We begin by noting that the paramount aim of statutory construction is to effectuate legislative intent. *Production Credit Ass'n of Lansing v Dep't of Treasury,* 404 Mich 301, 311; 273 NW2d 10 (1978). See also *People v McQuillan,* 392 Mich 511, 541-542; 221 NW2d 569 (1974). If two statutes lend themselves to a construction that harmonizes their meanings and avoids conflicting applications, that construction should be controlling. *People v Schneider,* 119 Mich App 480, 485-486; 326 NW2d 416 (1982). In this case, we do not perceive a construction that could avoid a negation of the scope of jurisdiction conferred by one of the two statutes.

We find controlling the following rule for resolving statutory conflicts:

Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act, as the Legislature is not to be presumed to have intended a conflict. . . . The dates on which the

two statutes were enacted or reenacted are irrelevant; a later statute which is general and affirmative in its provisions will not abrogate a former one which is particular or special. [*Wayne Co Prosecutor v Wayne Circuit Judge,* 154 Mich App 216, 221; 397 NW2d 274 (1986). Citations omitted.]

See also *Grand Rapids v Ottawa Circuit Judge,* 342 Mich 287; 69 NW2d 811 (1955).

MCL 600.8301; MSA 27A.8301 was originally enacted as part of the enabling legislation for the district court. 1968 PA 154. We read this provision to effect an allocation of most civil claims between district and circuit courts by fixing a dollar limitation as to damages. As such, its application is stated in general terms. In contrast, § 801 of the Civil Rights Act vests the circuit court with jurisdiction of a specific subject matter, a private action for discrimination prohibited by the Civil Rights Act. This Court has previously held that § 801 is more than a venue provision, conferring substantive jurisdiction to the exclusion of other forums. *Littsey v Bd of Governors of Wayne State University,* 108 Mich App 406, 411-414; 310 NW2d 399 (1981), lv den 413 Mich 882 (1982). The prohibitions against discrimination and the promotion of civil rights rise to the level of a clearly established public policy of this state. *Regents of the University of Michigan v Michigan,* 166 Mich App 314, 328; 419 NW2d 773 (1988), lv pending. We discern a legislative judgment that the policies underlying the civil rights legislation are of such importance that resort to circuit court is mandated in every case, even when potential damages are less than $10,000. A plaintiff seeking vindication of these policies through a private cause of action should have access to all of the procedural advantages

and protections available only in the circuit court.[1] Because § 801 is a specific grant of jurisdiction, reflecting substantive policy concerns, we hold that it takes precedence over the more general jurisdictional provision of MCL 600.8301(1); MSA 27A.8301(1).

MCR 4.003(B)(1) provides that a circuit court shall not order the removal of fewer than all of the claims in an action. Since some counts of plaintiff's complaint alleged violations of the Civil Rights Act, the entire complaint must be tried in circuit court.

Reversed and remanded for further proceedings in circuit court.

---

[1] Some of the procedures used in district court could well prove disadvantageous to litigants forced to seek relief there. We note that discovery in a district court proceeding is more restrictive than that permitted in circuit court. MCR 2.302(A)(1). Also, an appeal from a decision of a district court may not be prosecuted to the Court of Appeals as of right. MCR 7.203(A) and (B).