GIBSON v BRONSON METHODIST HOSPITAL

Docket No. 133184. Submitted June 2, 1992, at Grand Rapids. Decided November 17, 1992, at 10:05 A.M. Leave to appeal sought.

Robert Gibson, for himself and as next friend of Billie Jean Gibson, a minor, brought an action in the Kalamazoo Circuit Court against Bronson Methodist Hospital and Jonathan W. Hopkins, M.D., seeking damages for alleged misrepresentations made by the defendants during the course of treatment of the child. The trial court, Donald E. Goodwillie, J., dismissed the plaintiff's case after the plaintiff asserted the physician-patient privilege at the depositions of two of the child's physicians, holding that the assertion of the privilege barred the introduction at trial of any evidence of the child's physical condition and that without such evidence there would be no issue that could be submitted to a jury. Following the denial of his motion for rehearing, the plaintiff appealed.

The Court of Appeals *held:*

1. MCR 2.314(B)(2) specifically provides that a party who asserts that medical information is subject to a privilege may not introduce thereafter any evidence of the patient's physical condition. That provision is applicable where the physician-patient privilege is asserted at a deposition and, because it specifically addresses the question of the assertion of a medical privilege, controls rather than MCR 2.302(B)(1)(b), which deals generally with the assertion of a privilege. Accordingly, the trial court properly concluded that the assertion of the physician-patient privilege at the depositions barred the introduction at trial of any evidence of the child's physical condition.

2. Because the child's physical condition was the central issue of the case, the court correctly concluded that barring the introduction of evidence of the child's physical condition precluded the plaintiff from establishing a case that could be presented to a jury.

3. The trial court did not abuse its discretion in denying the plaintiff's motion for rehearing.

Affirmed.

REFERENCES

Am Jur 2d, Witnesses §§ 443, 451, 483.
See the ALR Index under Physician-Patient Privilege.

BRENNAN, J., dissenting, stated that MCR 2.302(B)(1)(b), which bars at trial only evidence subject of the assertion of a privilege at a deposition, should control because it specifically deals with the situation of the assertion of a privilege at a deposition.

EVIDENCE — PHYSICIAN-PATIENT PRIVILEGE — DEPOSITIONS.

A party who asserts the physician-patient privilege at a deposition is barred from introducing at trial any evidence of the patient's physical condition; the court rule that specifically addresses the consequences of asserting a medical privilege controls to the extent that it conflicts with the court rule that addresses generally the consequence of asserting a privilege at a deposition (MCR 2.302[B][1][b], 2.314[B][2]).

*Charfoos & Christensen* (by *David R. Parker, David W. Christensen* and *Mary Pat Thomas*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Susan Bradley Jakubowski*), for Bronson Methodist Hospital.

*Bremer, Wade, Nelson, Mabbitt & Lohr* (by *Michael D. Wade* and *Donna J. Grit*), for Hopkins.

Before: HOLBROOK, P.J., and BRENNAN and GRIFFIN, JJ.

GRIFFIN, J. This appeal involves an action to recover damages for misrepresentations allegedly made by defendants during the course of medical treatment administered to plaintiff's daughter. Plaintiff, Robert Gibson, appeals as of right a circuit court order entering summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). We affirm.

I

On May 20, 1987, plaintiff's daughter, Billie Jean Gibson, was admitted to Bronson Methodist Hospital. Billie Jean was in a comatose state, and

it was determined that she was suffering from either a tumor or a blood clot in her brain. Surgery was performed on Billie Jean on July 10, 1987, during which a hematoma was successfully removed from Billie Jean's brain. Billie Jean allegedly suffered serious residual effects, however, which included total blindness and a significant loss of motor function.

Plaintiff brought this lawsuit to recover damages for Billie Jean's injuries. Plaintiff does not claim that defendants committed malpractice or otherwise breached any applicable standard of care. Rather, the essence of the claim is that defendants misrepresented the availability of a second opinion regarding Billie Jean's condition.[1] Plaintiff contends that these misrepresentations delayed Billie Jean's surgery, resulting in further injury.

During the course of discovery, defendants attempted to depose Drs. Sluss and Dauser, two of Billie Jean's physicians. However, both depositions were abruptly terminated when plaintiff's counsel refused to waive the physician-patient privilege. As a result, defendants moved for summary disposition pursuant to MCR 2.116(C)(10). Defendants argued that because plaintiff had asserted the physician-patient privilege during the depositions, he was barred by MCR 2.314(B)(2) from introducing at trial any evidence regarding Billie Jean's physical condition. Defendants argued that without such evidence there was no issue submissible to the jury. The trial court agreed with defendants and entered summary disposition in their favor.

II

In his first issue on appeal, plaintiff contends

---

[1] The issue whether plaintiff's complaint states a claim on which relief can be granted is not before this Court.

that the trial court erred in ruling that his asser-
tion of the physician-patient privilege at the depo-
sitions of the two consulting physicians barred the
introduction of any evidence regarding Billie Je-
an's physical condition. We disagree.

At issue in this case is MCR 2.314. The rule
provides, in pertinent part:

(A) Scope of Rule.

(1) When a mental or physical condition of a
party is in controversy, medical information about
the condition is subject to discovery under MCR
2.310 to the extent that

(a) the information is otherwise discoverable
under MCR 2.302(B), and

(b) the party does not assert that the informa-
tion is subject to a valid privilege.

(2) Medical information subject to discovery in-
cludes, but is not limited to, medical records in the
possession or control of a physician, hospital, or
other custodian.

(3) For purposes of MCR 2.310, medical informa-
tion about a mental or physical condition of a
party is within the control of the party, even if the
information is not in the party's immediate physi-
cal possession.

(B) Privilege; Assertion; Waiver; Effects.

(1) A party who has a valid privilege may assert
the privilege and prevent discovery of medical
information relating to his or her mental or physi-
cal condition. The privilege must be asserted in
the party's written response under MCR 2.310. A
privilege not timely asserted is waived in that
action, but is not waived for the purpose of any
other action.

(2) Unless the court orders otherwise, if a party
asserts that the medical information is subject to a
privilege and the assertion has the effect of pre-
venting discovery of medical information otherwise
discoverable *under MCR 2.302(B), the party may
not thereafter present or introduce any physical,*

*documentary, or testimonial evidence relating to the party's medical history or mental or physical condition.* [Emphasis added.]

The question before us is whether this sanction applies where a party asserts the physician-patient privilege in the context of a deposition seeking medical information. Relying heavily on the repeated reference in the rule to MCR 2.310, plaintiff submits that the sanction provided for in MCR 2.314(B)(2) is only authorized where a party asserts the privilege in response to a request for production of documents under MCR 2.310. We, like the trial court, disagree with this narrow interpretation of the court rule.

At the outset, we note that the court rules contain a general provision regarding the assertion of a privilege in the context of a deposition. MCR 2.302(B)(1)(b) provides:

A party who has a privilege regarding part or all of the testimony of a deponent must either assert the privilege at the deposition or lose the privilege as to that testimony for purposes of the action. *A party who claims a privilege at a deposition may not at the trial offer the testimony of the deponent pertaining to the evidence objected to at the deposition.* [Emphasis added.]

Given the language of MCR 2.302(B)(1)(b), it is arguable that the appropriate sanction in this case is the exclusion of the testimony of Drs. Sluss and Dauser at trial rather than the prevention of plaintiff's introduction of any evidence of Billie Jean's medical condition pursuant to MCR 2.314(B)(2). In this regard, defendant Hopkins makes the following observation in his brief:

The problem with [MCR 2.302(B)(1)(b)] and also

the commentary is that a clever plaintiff's counsel could assert the privilege at the treating physician's deposition when plaintiff does not want that physician's testimony at trial. The plaintiff can thereby, under the provisions of MCR 2.302, apparently prevent the deposition of a treating physician by asserting the physician-patient privilege. The only sanction would be that the physician could not testify at trial. As already noted, in a case where the plaintiff wants to prevent a treating physician from testifying in order to circumvent the truth, this sanction would be meaningless.

We agree with this observation. More importantly, however, we agree with both defendants that the sanction contained in MCR 2.314(B)(2) is applicable to depositions as well as requests for production that seek medical information.

As noted recently by our Supreme Court, the court rules allow for the assertion of the physician-patient privilege at various stages of the discovery proceedings. *Domako v Rowe,* 438 Mich 347, 355; 475 NW2d 30 (1991). In particular, we note that MCR 2.314(E) specifically provides for the discovery of medical information via deposition and the assertion of any privilege in connection therewith:

> (1) This rule does not prevent the discovery of medical information in proceedings under MCR 2.306 [governing depositions] or other provisions of these rules.
> (2) This rule does not prevent the assertion of a privilege at a time or in a manner otherwise permitted by these rules.

It is well settled that in interpreting court rules, we apply the rules of statutory construction. *Larson v Auto-Owners Ins Co,* 194 Mich App 329, 332;

486 NW2d 128 (1992). One of the basic rules of statutory construction is that where two statutes encompass the same subject matter, one being general and the other specific, the latter will control. See, e.g., *Baxter v Gates Rubber Co,* 171 Mich App 588, 590-591; 431 NW2d 81 (1988). Applying this principle to the present case, we conclude that the circuit court did not err in applying the specific sanction set forth in MCR 2.314(B)(2). MCR 2.314 is a specific provision governing discovery requests for medical information, whether by deposition or otherwise, and the rule provides a specific consequence for asserting the physician-patient privilege in response to such a request.

We also note that MCR 1.105 provides that "[t]hese rules are to be construed to secure the just, speedy, and economical determination of every action . . . ." See generally *Fetz Engineering Co v Ecco Systems, Inc,* 188 Mich App 362, 370; 471 NW2d 85 (1991), vacated and remanded 439 Mich 977 (1992). As we have held in the context of statutory construction, where more than one construction of a statute is possible, we must assume that the Legislature had the most probable and reasonable intention. *People v Schneider,* 119 Mich App 480, 485; 326 NW2d 416 (1982). Further, statutes should be construed to avoid absurd or unreasonable results. *Id.* at 486. The construction of MCR 2.314(B)(2) advocated by plaintiff would lead to an unreasonable result and would be contrary to the overall objectives of the Michigan court rules.

Finally, unlike the other subsections of MCR 2.314, subsection B(2) refers not to MCR 2.310, but to the broad scope of discovery of MCR 2.302(B). Included within the scope of MCR 2.302(B) is the authority to take depositions of expert witnesses.

For these reasons, we hold that after the invoca-

tion of the physician-patient privilege, plaintiff was precluded by operation of MCR 2.314(B)(2) from introducing any evidence concerning the issue of Billie Jean's physical condition. Because Billie Jean's medical condition was obviously the central issue in this case, we conclude that defendants were properly granted summary disposition pursuant to MCR 2.116(C)(10).

III

Plaintiff's second issue merits only cursory discussion. Plaintiff contends that the trial court abused its discretion in denying his motion for rehearing. We disagree. Plaintiff submits that had he known that his understanding of MCR 2.314 would be rejected by the trial court and result in dismissal of his case, he would have waived the privilege and offered to pay defendants' costs. However, because of such an abrupt change in position on plaintiff's part a finding that the trial court abused its discretion in denying the motion for rehearing is not warranted. See *Brown v Libbey-Owens-Ford Co,* 166 Mich App 213, 216-217; 420 NW2d 106 (1987).

Affirmed.[2]

HOLBROOK, JR., P.J., concurred.

BRENNAN, J. *(dissenting).* I respectfully dissent. I believe that MCR 2.314(B), when read in conjunction with MCR 2.314(A), reveals that subrule B was intended to apply only to an assertion of the physician-patient privilege made in response to a

---

[2] In a supplemental brief, plaintiff contends that he never asserted the privilege at the depositions and, further, that he could not have done so effectively, because the privilege had already been waived by virtue of a signed release of medical records. *Domako, supra.* We find this argument disingenuous and, accordingly, reject it. Plaintiff's contention throughout these proceedings that he did not assert the privilege at the depositions is simply a mischaracterization of the facts.

request to produce medical records. I believe that MCR 2.314 is inapplicable to the assertion of the privilege at a deposition and that the court erred in determining that plaintiff's assertion of the privilege at the deposition of two consulting physicians precluded him from introducing any evidence regarding Billie Jean's physical condition pursuant to MCR 2.314. As noted by the majority, one of the basic rules of statutory construction is that where two statutes encompass the same subject matter, one being general and the other specific, the latter will control. *Baxter v Gates Rubber Co,* 171 Mich App 588, 590-591; 431 NW2d 81 (1988). In this case, there is a specific court rule covering assertion of the physician-patient privilege in the context of a deposition, and that court rule is MCR 2.302(B)(1)(b).

In further support of this conclusion, I note that this Court, as well as our Supreme Court, has recognized that the rule applicable where a party asserts the physician-patient privilege at a deposition is MCR 2.302. *Domako v Rowe,* 438 Mich 347, 355; 475 NW2d 30 (1991); *Jordan v Sinai Hosp of Detroit, Inc,* 171 Mich App 328, 345; 429 NW2d 891 (1988). MCR 2.302(B)(1)(b) provides, in part, that "[a] party who claims a privilege at a deposition may not at the trial offer the testimony of the deponent pertaining to the evidence objected to at the deposition." Therefore, plaintiff was only precluded from offering at trial the testimony of the two consulting physicians. The majority points out that this interpretation of the court rule would allow a clever plaintiff's attorney to assert the privilege at the treating physician's deposition where the plaintiff does not want that physician's testimony at trial and thereby circumvent the truth. However, it is up to the Supreme Court, not this Court, to change the court rule. Accordingly, I would reverse.