GIBSON v BRONSON METHODIST HOSPITAL

Docket No. 95395. Argued November 2, 1993 (Calendar No. 7). Decided June 7, 1994.

Robert Gibson, for himself and as next friend of his daughter Billie Jean, a minor, brought an action in the Kalamazoo Circuit Court against Bronson Methodist Hospital and Jonathan W. Hopkins, M.D., seeking damages resulting from surgery performed by Dr. Hopkins at the hospital, claiming that misrepresentations had been made by the defendants regarding the availability of a second opinion concerning Billie Jean's condition. The court, Donald Goodwillie, J., granted summary disposition for the defendants, finding that the assertion by the plaintiff of the physician-patient privilege at the beginning of a deposition of two physicians who had been consulted concerning Billie Jean's care precluded introduction under MCR 2.314(B)(2) of physical, documentary, or testimonial evidence relating to Billie Jean's medical history or physical condition. The Court of Appeals, D. E. HOLBROOK, JR., P.J., and GRIFFIN, J. (BRENNAN, J., dissenting), affirmed, holding that the sanction provided in MCR 2.314(B)(2) applies to an assertion of the physician-patient privilege during a deposition (Docket No. 133184). The plaintiff appeals.

In an opinion by Justice LEVIN, joined by Justices BRICKLEY and MALLETT, and an opinion by Justice BOYLE, joined by Justice RILEY, the Supreme Court held:

The sanction provided in MCR 2.314(B)(2), precluding the introduction of evidence of a party's physical condition after the party has asserted that such information is subject to the physician-patient privilege, does not apply where the privilege is asserted at a deposition.

1. MCR 2.314 provides that medical information subject to

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 29, 262; Physicians, Surgeons, and Other Healers § 169.

Reports of treating physician delivered to litigant's own attorney as subject of pretrial or other disclosure, production, or inspection. 82 ALR2d 1162.

Assertion of privilege in pretrial discovery proceedings as precluding waiver of privilege at trial. 36 ALR3d 1367.

discovery includes, but is not limited to, medical records in the possession or control of a physician, hospital, or other custodian. It also provides that medical information about the condition of a party is subject to discovery of documents or tangible evidence under MCR 2.310. A party who wishes to assert a privilege and prevent discovery of medical information must assert the privilege in a written response under MCR 2.310. MCR 2.314 clearly contemplates the discovery of documentary or tangible medical information, rather than testimonial medical information.

2. Because the Supreme Court was persuaded that the sanction set forth in MCR 2.314(B)(2) should be made applicable where the physician-patient privilege is asserted at a deposition, effective September 1, 1994, amended MCR 2.302, 2.306, and 2.314(B)(2) make the sanction applicable to assertions of the privilege at a deposition and in other specified areas of discovery.

Reversed and remanded.

Justice GRIFFIN, joined by Chief Justice CAVANAGH, dissenting, stated that a plaintiff who allows discovery of medical information is not thereafter free to assert the physician-patient privilege in the same action. The plaintiff either must allow free discovery of medical information otherwise subject to the privilege or assert the privilege at the expense of forgoing any claims concerning the medical condition. Piecemeal use of privileged testimony or material would detrimentally increase the recognized tension between preserving the confidentiality of the physician-patient relationship and the truth-seeking function of the courts. Any attempt to use the privilege to manipulate the timing of the information to achieve a tactical advantage exceeds the scope of the privilege.

197 Mich App 67; 495 NW2d 162 (1992) reversed.

EVIDENCE — DISCOVERY — PHYSICIAN-PATIENT PRIVILEGE.

Effective September 1, 1994, the sanction precluding the introduction of evidence of a party's physical condition after the party has asserted that such information is subject to the physician-patient privilege, is applicable to assertions of the privilege at a deposition and in other areas of discovery specified in the court rules (MCR 2.302, 2.306, 2.314[B][2]).

*Charfoos & Christensen, P.C.* (by *David R. Parker, David W. Christensen,* and *Mary Pat Rosen*), for the plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*) for defendant Bronson Methodist Hospital.

*Bremer, Wade, Nelson, Lohr & Corey* (by *Michael D. Wade* and *Phillip J. Nelson*) for defendant Hopkins.

LEVIN, J. The question presented is whether MCR 2.314(B)(2), providing that a party who asserts that "medical information" is subject to a privilege may not thereafter introduce evidence of the patient's physical condition, applies where the physician-patient privilege is asserted at a deposition. We hold that the sanction does not apply where the privilege is asserted at a deposition, and that the circuit court erred in dismissing plaintiff's complaint.

We are persuaded, however, that the sanction set forth in MCR 2.314(B)(2) should be made applicable where the physician-patient privilege is asserted at a deposition. This court rule is today amended to make that sanction applicable to assertions of the privilege at a deposition and in other specified areas of discovery effective September 1, 1994.

I

Billie Jean Gibson was admitted to Bronson Methodist Hospital in a comatose state. Surgery was performed six weeks later, a hematoma was removed from her brain, but she suffered serious residual effects.

Robert Gibson, for himself and as next friend of his daughter, a minor, commenced this action to recover damages, claiming, not malpractice, but that the defendant hospital and physician misrep-

resented the availability of a second opinion concerning Billie Jean's condition.[1]

Defendants scheduled the deposition of two physicians who had been consulted concerning Billie Jean's care. At the beginning of the deposition, plaintiff's counsel announced that his client had not waived the physician-patient privilege and he had no authority to waive it on her behalf. At one point he stated that he "asserted" the privilege. The depositions did not proceed.

Defendants moved for summary disposition, contending that plaintiff's assertion of the privilege meant that he "may not thereafter present or introduce any physical, documentary, or testimonial evidence relating to the party's medical history or mental or physical condition." MCR 2.314(B)(2). The circuit court agreed and dismissed the complaint. The Court of Appeals affirmed.[2]

II

A majority of the Court of Appeals, agreeing with the circuit judge, held that the sanction provided in MCR 2.314(B)(2) applies to an assertion of the physician-patient privilege during a deposition. The dissenting judge agreed with the plaintiff that the sanction applies only where a party asserts the privilege in response to a request for

[1] The defendant physician recommended against surgery, preferring to wait for a diagnosed blood clot in plaintiff's brain to liquify, so that it might be removed through a needle.

Plaintiff's complaint alleges that he sought a second opinion, but that defendants misrepresented a number of facts, including the availability of other neurosurgeons to render a second opinion. They obtained a second opinion about six weeks after Billie Jean was admitted to the hospital from a neurosurgeon who operated and removed the clot. Plaintiff regained consciousness, but was left blind and with other significant neurologic impairments.

[2] 197 Mich App 67; 495 NW2d 162 (1992).

production of documents under MCR 2.310.[3] We agree with the dissenting judge.

MCR 2.314 concerns the discovery of "medical information." The rule states that "[m]edical information subject to discovery includes, but is not limited to, medical records in the possession or control of a physician, hospital, or other custodian."[4] The rule also states that medical information about the condition of a party "is subject to discovery under MCR 2.310,"[5] which provides for the production of "documents and things," and that a party may serve on another person a request to "inspect and copy designated documents . . . ."[6]

MCR 2.314 provides that a party who wishes to assert a privilege and prevent discovery of medical information, must assert the privilege "in the party's written response under MCR 2.310."[7] MCR 2.314 continues that a party who is served with a request for production of medical information under MCR 2.310 must "make the information available for inspection and copying," or assert a privilege, or object to the request as permitted by MCR 2.310(B)(2), or "furnish the requesting party with signed authorizations in the form approved by the state court administrator sufficient in number to

---

[3] Plaintiff asserts that the applicable sanction is set forth in MCR 2.302(B)(1)(b), which reads as follows:

> A party who has a privilege regarding part or all of the testimony of a deponent must either assert the privilege at the deposition or lose the privilege as to that testimony for purposes of the action. A party who claims a privilege at a deposition may not at the trial offer testimony of the deponent pertaining to the evidence objected to at the deposition.

[4] MCR 2.314(A)(2).

[5] MCR 2.314(A)(1). The information must be "otherwise discoverable under MCR 2.302(B)" to be subject to discovery under MCR 2.310.

[6] MCR 2.310(A)(1)(a).

[7] MCR 2.314(B)(1).

enable the requesting party to obtain the information requested from persons, institutions, hospitals, and other custodians in actual possession of the information requested."[8]

MCR 2.314 clearly contemplates the discovery of documentary or tangible medical information[9] rather than testimonial medical information. The staff comment to MCR 2.314 bears this out, stating "MCR 2.314 is largely new and covers discovery of medical records of a party via request for production under MCR 2.310. There were related provisions in GCR 1963, 506.7 regarding subpoenas for production of hospital records."

### III

Defendants rely on *Domako v Rowe,* 438 Mich 347, 356; 475 NW2d 30 (1991). This Court there considered the physician-patient privilege[10] and held that it was proper for the defendant physician's lawyer to conduct an ex-parte interview of the plaintiff's treating physician in the circumstance that the physician-patient privilege had been waived when the plaintiff signed authorization forms permitting the release of medical information requested under MCR 2.310. This Court said: "The privilege was *not asserted,* and the plain language of MCR 2.314(B)(1) declares that if the privilege is not asserted in a written response to a request to produce, it is waived for purposes of that action." (Emphasis added.)

### IV

Defendants advance a number of policy argu-

---

[8] MCR 2.314(C).

[9] This would include medical records and other tangible medical information such as x-rays.

[10] MCL 600.2157; MSA 27A.2157.

ments. We are persuaded that the sanction set
forth in MCR 2.314(B)(2) should be made applica-
ble where the physician-patient privilege is as-
serted at a deposition. This court rule and MCR
2.302 and 2.306 are today amended as set forth in
appendix A to make the sanction set forth in MCR
2.314(B)(2) applicable to assertions of the privilege
at a deposition and in other specified areas of
discovery effective September 1, 1994.[11]

Reversed and remanded to the circuit court.

BRICKLEY and MALLETT, JJ., concurred with
LEVIN, J.

### APPENDIX A

[The language struck through is repealed and the
underlined language is added.]

Rule 2.302 General Rules Governing Discovery

(A) [Unchanged.]

(B) Scope of Discovery.

(1) In General. Parties may obtain discovery
regarding any matter, not privileged, which is
relevant to the subject matter involved in the
pending action, whether it relates to the claim or
defense of the party seeking discovery or to the
claim or defense of another party, including the
existence, description, nature, custody, condition,
and location of books, documents, or other tangible
things and the identity and location of persons
having knowledge of a discoverable matter.

(a)/It is not ground for objection that the infor-
mation sought will be inadmissible at trial if the

---

[11] The majority is of the opinion that the subject matter has been
sufficiently publicized so that the notice and comment procedure
(MCR 1.201) ordinarily followed can appropriately be dispensed with.

information sought appears reasonably calculated to lead to the discovery of admissible evidence.

~~(b) A party who has a privilege regarding part or all of the testimony of a deponent must either assert the privilege at the deposition or lose the privilege as to that testimony for purposes of the action. A party who claims a privilege at a deposition may not at the trial offer the testimony of the deponent pertaining to the evidence objected to at the deposition.~~

(2)-(4) [Unchanged.]

(C)-(H) [Unchanged.]

Rule 2.306 Depositions on Oral Examination

(A)-(C) [Unchanged.]

(D) Motion to Terminate or Limit Examination.

(1)-(3) [Unchanged.]

(4) <u>A party who has a privilege regarding part or all of the testimony of a deponent must either assert the privilege at the deposition or lose the privilege as to that testimony for purposes of the action. A party who claims a privilege at a deposition may not at the trial offer the testimony of the deponent pertaining to the evidence objected to at the deposition. A party who asserts a privilege regarding medical information is subject to the provisions of MCR 2.314(B).</u>

(E)-(G) [Unchanged.]

Rule 2.314 Discovery of Medical Information Concerning Party

(A) Scope of Rule.

(1) When a mental or physical condition of a party is in controversy, medical information about the condition is subject to discovery under <u>these rules</u> ~~MCR 2.310~~ to the extent that

(a) the information is otherwise discoverable under MCR 2.302(B), and

(b) the party does not assert that the information is subject to a valid privilege.

(2) Medical information subject to discovery includes, but is not limited to, medical records in the possession or control of a physician, hospital, or other custodian, and medical knowledge discoverable by deposition or interrogatories.

(3) For purposes of this rule, medical information about a mental or physical condition of a party is within the control of the party, even if the information is not in the party's immediate physical possession.

(B) Privilege; Assertion; Waiver; Effects.

(1) A party who has a valid privilege may assert the privilege and prevent discovery of medical information relating to his or her mental or physical condition. The privilege must be asserted in the party's written response to a request for production of documents under MCR 2.310, in answers to interrogatories under MCR 2.309(B), before or during the taking of a deposition, or by moving for a protective order under MCR 2.302(C). A privilege not timely asserted is waived in that action, but is not waived for the purposes of any other action.

(2) [Unchanged.]

(C)-(D) [Unchanged.]

(E)/Rule/Not/Exclusive/

(1)/This/rule/does/not/prevent/the/discovery/of/medical/information/in/proceedings/under/MCR/2.306/or/other/provisions/of/these/rules/

(2)/This/rule/does/not/prevent/the/assertion/of/a/privilege/at/a/time/or/in/a/manner/otherwise/permitted/by/these/rules/

(E) [Formerly (F), redesignated, but otherwise unchanged.]

*Staff Comment:* The June 7, 1994 amendments make several changes in the provisions of the discovery rules dealing with assertion of privileges.

The language of former MCR 2.302(B)(1)(b) is moved to the deposition rule as new MCR 2.306(D)(4), and a cross reference to MCR 2.314 is added.

Several changes are made in MCR 2.314, the rule regarding discovery of medical information. As amended, the rule would apply the preclusive effect of subrule (B)(1) to a party who asserts a privilege as to medical information in connection with depositions and interrogatories as well as to requests for production of documents.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

BOYLE, J. (*concurring*). I concur with parts I and II, of Justice LEVIN's opinion. I also concur with part IV, on the understanding that the signers of the plurality opinion agree that "piecemeal" assertion of the privilege is precluded by the court rules as amended. See, generally, *post,* p 345, dissenting opinion of GRIFFIN, J.

RILEY, J., concurred with BOYLE, J.

GRIFFIN, J. I respectfully dissent. I would affirm and adhere to the Court of Appeals interpretation of the relevant court rules, which more accurately reflects the purpose of the physician-patient privilege.

In *Domako v Rowe,* 438 Mich 347; 475 NW2d 30 (1991), this Court held that an ex parte interview of the plaintiff's treating physician by defense counsel in a medical malpractice action is proper where the physician-patient privilege has been waived by lack of timely assertion. In addressing the parameters of discovery in the context of waiver this Court reiterated the underlying rationale of the physician-patient privilege:

Unlike other forms of litigation, a case involving

medical malpractice cannot proceed without evidence of the physical or mental condition of the plaintiff. Therefore, requiring the plaintiff to decide whether to assert the privilege at the discovery stage, rather than at trial, promotes efficient use of judicial resources by fostering an early resolution of this issue.

The purpose behind the physician-patient privilege is to protect the confidential nature of the physician-patient relationship and to encourage the patient to make a full disclosure of symptoms and conditions. [Citations omitted.] The purpose of providing for waiver is to prevent the suppression of evidence. . . . An attempt to use the privilege to control the timing of the release of information exceeds the purpose of the privilege and begins to erode the purpose of waiver by repressing evidence. Both consequences are anathema to the open discovery policy of our state. [*Domako, supra,* pp 354-355.]

The all-or-nothing nature of the privilege was underscored by the *Domako* Court:

After the patient voluntarily allows discovery of the medical information, the plaintiff is not thereafter free to assert the privilege because the plain language of MCR 2.314(B)(1) declares that the privilege is waived *for that action.* The rule is a logical one; after filing a malpractice action and authorizing the release of medical information, the plaintiff can no longer claim an intent to preserve the sanctity of the physician-patient privilege. The privilege attempts to protect confidentiality, and the voluntary disclosure of the information takes away the need for confidentiality. The court correctly determined that the privilege had been waived. [*Id.,* p 357. Emphasis in original.]

In the instant case, the trial court, by applying the sanctions set forth in MCR 2.314(B)(2) to dismiss plaintiff's suit, acted not only within its

discretion but also in a manner consistent with the principles recognized in *Domako.*

MCR 2.314(B) provides:

> (1) A party who has a valid privilege may assert the privilege and prevent discovery of medical information relating to his or her mental or physical condition. The privilege must be asserted in the party's written response under MCR 2.310. A privilege not timely asserted is waived in that action, but is not waived for the purposes of any other action.
>
> (2) *Unless the court orders otherwise,* if a party asserts that the medical information is subject to a privilege and the assertion has the effect of preventing discovery of medical information otherwise discoverable under *MCR 2.302(B), the party may not thereafter present or introduce any physical, documentary, or testimonial evidence relating to the party's medical history or mental or physical condition.* [Emphasis added.]

MCR 2.302(B)(1)(b) addresses the assertion of a privilege in the context of a deposition.

> A party who has a privilege regarding part or all of the testimony of a deponent must either assert the privilege at the deposition or lose the privilege as to that testimony for purposes of the action. A party who claims a privilege at a deposition may not at the trial offer the testimony of the deponent pertaining to the evidence objected to at the deposition.

The question before the Court is whether the sanction set forth in MCR 2.314(B)(2) applies when a party asserts the physician-patient privilege in the context of a deposition seeking medical information. The majority, relying on the reference in this court rule to MCR 2.310, concludes that the

sanction applies only where a party asserts the privilege in response to a request for production of documents under MCR 2.310. The majority maintains that "MCR 2.314 clearly contemplates the discovery of documentary or tangible medical information rather than testimonial medical information." *Ante,* p 336. The appropriate sanction under these circumstances would, according to the majority, be merely to exclude the physician from testifying at trial, rather than preventing plaintiff from introducing any evidence of her medical condition.

However, this conclusion is contradicted by the language of MCR 2.314. Section (A)(2) contains a broad definition of "[m]edical information subject to discovery," which "includes, *but is not limited to,* medical records in the possession or control of a physician, hospital, or other custodian." (Emphasis added.) Moreover, the penalty provision of MCR 2.314(B)(2) specifically refers to "medical information otherwise discoverable under MCR 2.302(B)," which certainly would include the knowledge of a physician that he might give at a deposition. It is likewise notable that MCR 2.314(E) specifically allows the discovery of medical information, and assertion of the privilege, by means of deposition.*

Significantly, the first phrase of MCR 2.314(B)(2), which begins "Unless the court orders otherwise," implies discretion in the trial judge to choose between the sanctions set forth in subsection (B)(2) or other penalty provisions set forth in the court

---

* MCR 2.314(E) provides:

(1) This rule does not prevent the discovery of medical information in proceedings under MCR 2.306 [governing depositions] or other provisions of these rules.

(2) This rule does not prevent the assertion of a privilege at a time or in a manner otherwise permitted by these rules.

rules, such as the assessment of costs and attorney fees pursuant to MCR 2.306. Consequently, assertion of the privilege at the depositions at issue could, as the trial court and Court of Appeals concluded, result in the appropriate invocation of the penalty provision of MCR 2.314(B)(2). The trial court in the case at hand acted within its discretion in dismissing the case.

The majority overlooks the fact that the court rules were written with many types of privileges in mind. Although the interpretation given by the majority might be appropriate in cases involving other privileges recognized under the law, it should be recognized that MCR 2.314 is the only court rule that is specifically tailored for situations involving privileged medical information. This particularized court rule exists for good reason—as noted above, the physician-patient privilege is not susceptible to piecemeal application. As explained by McCormick in his treatise on 1 Evidence (4th ed), § 103, p 384:

> A shrinking from the embarrassment which comes from exposure of bodily disease or abnormality is human and natural. It is arguable that legal protection from exposure is justified to encourage frankness in consulting physicians. But it is not human, natural, or understandable to claim protection from exposure by asserting a privilege for communications to doctors at the very same time when the patient is parading before the public the mental or physical condition as to which he consulted the doctor by bringing an action for damages arising from that same condition. This, in the oft-repeated phrase, is to make the privilege not a shield only, but a sword.

The trial court's decision to preclude further evidence of plaintiff's physical condition is a natu-

ral corollary to the principle set forth in *Domako,
supra,* that once a plaintiff allows discovery of
medical information, he is not thereafter free to
assert the privilege in that action. A plaintiff
either must allow free discovery of medical infor-
mation otherwise subject to the privilege or assert
the privilege at the expense of forgoing any claims
concerning plaintiff's medical condition. Piecemeal
use of privileged testimony or material would
detrimentally increase the recognized tension be-
tween preserving the confidentiality of the
physician-patient relationship and the truth-seeking
function of the courts. *Domako, supra,* pp 356-357.

Defendants in their appellate brief express the
legitimate fear that

> [a] clever plaintiff's attorney could assert privilege
> at the deposition of a treating physician, *whom
> plaintiff does not want to testify,* and thereby
> frustrate a defendant's attempt to discover the
> true nature of the plaintiff's injury or condition.
> According to the plaintiff, the only sanction for
> invoking the privilege in this fashion would be
> that the plaintiff could not later offer at trial the
> testimony of that particular physician. As already
> noted, however, in a case where the plaintiff wants
> to prevent that particular physician from testify-
> ing in the first place, the sanction provided by
> MCR 2.302(B)(1)(b) would be a meaningless sanc-
> tion. [Emphasis in original.]

Any attempt to use the privilege to manipulate
the timing of the information and achieve a tacti-
cal advantage exceeds the scope of the privilege.
*Domako, supra.* The majority's rendition of the
court rules in the case at hand reopens the door to
abuse of the privilege that had been so purpose-
fully closed in *Domako, supra.*

I would affirm the decision of the Court of Appeals upholding summary disposition in favor of defendants.

CAVANAGH, C.J., concurred with GRIFFIN, J.