*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETER DEFILIPPIS,

        Plaintiff-Appellant,

v

REDFORD POLICE DEPARTMENT and
DEPARTMENT OF CIVIL RIGHTS,

        Defendants-Appellees.

UNPUBLISHED
February 24, 2022

No. 356168
Wayne Circuit Court
LC No. 2020-015497-AV

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

PER CURIAM.

Plaintiff Peter DeFilippis, appearing *in propria persona*, appeals the circuit court's order of dismissal in favor of defendants the Redford Police Department (RPD) and the Michigan Department of Civil Rights (MDCR). Plaintiff also challenges the circuit court's order denying his motion for reconsideration. We affirm.

## I. BACKGROUND

In September 2020, plaintiff contacted the MDCR and alleged "an act of unlawful discrimination" by the RPD. The MDCR informed plaintiff that it would not take further action because plaintiff's "concerns" about the RPD had been "previously addressed" in plaintiff's prior complaints. Plaintiff challenged the MDCR's decision not to investigate his complaint further. In an October 20, 2020 letter, the MDCR informed plaintiff that his "request for reversal of the department's decision not to accept a formal complaint from" him was "denied."

In November 2020, plaintiff appealed. The circuit court sua sponte dismissed plaintiff's appeal, concluding that it was untimely. Plaintiff thereafter moved for recusal of the circuit court judge, arguing that the judge was biased because he had a previous professional relationship with a law firm that represented Redford Township. Plaintiff also moved for reconsideration of the circuit court's decision to dismiss, arguing that his claim of appeal was timely filed because it was filed within 30 days of service of the MDCR's October 2020 decision. Plaintiff additionally argued that the circuit court's unequal treatment of him violated his due-process rights. After hearing oral

argument in January 2021, the circuit court denied plaintiff's motion for reconsideration. The circuit court did not address plaintiff's motion for disqualification. This appeal followed.

## II. JURISDICTIONAL ISSUE

At the outset, we must address a jurisdictional issue. The MDCR argues that this Court lacks jurisdiction to hear this appeal because the circuit court's December 2020 decision is not a final judgment that is appealable as of right under MCR 7.203(A)(1)(a). We disagree.

"Whether this Court has jurisdiction to hear an appeal is a question of law reviewed de novo." *Tyrrell v Univ of Mich*, 335 Mich App 254, 260-261; 966 NW2d 219 (2020). "Under MCR 7.203(A)(1)(a), a party does not have an appeal of right in this Court arising out of an order of a *tribunal* that was appealed in the circuit court. *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86; 832 NW2d 288 (2013).

In this case, the MDCR argues that the MDCR acted as a tribunal when it decided not to investigate plaintiff's complaint further and that the circuit court's order dismissing the appeal was an order on appeal from a tribunal. "Tribunals include administrative agencies acting in a judicial or quasi-judicial capacity[.] However, not all agencies' actions are taken in a judicial or quasi-judicial capacity." *Natural Resources Defense Council*, 300 Mich App at 86 (alteration in original; quotation marks and citations omitted). To determine whether an agency was acting in a judicial or quasi-judicial capacity, we must consider whether the agency's procedures are akin to court procedures. *Id*. "Quasi-judicial proceedings include procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents." *Id*.

In this case, the MDCR made its decision after engaging in a preliminary review process, which included a "telephone conversation, [a] questionnaire, and additional correspondence" with plaintiff. Although it appears that plaintiff was permitted to submit evidence to support his allegations of discrimination, the MDCR's preliminary review process did not involve any procedures involving "a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents." See *id*. Indeed, a contested hearing is only initiated after a formal complaint is filed. Mich Admin Code, R 37.12. Accordingly, the procedures that the MDCR used in this case were not similar to the procedures that courts use, and the MDCR was not acting as a "tribunal." MCR 7.203(A)(1)(a) therefore does not apply to preclude this appeal as of right from the circuit court's December 2020 order.

The MDCR also argues that plaintiff failed to timely file an appeal as of right from the December 2020 order of dismissal. We disagree. The circuit court entered the order of dismissal on December 11, 2020. Thereafter, plaintiff filed a timely motion for reconsideration, which was denied on January 8, 2021. The instant appeal was filed on January 29, 2021. Because plaintiff filed his appeal to this Court within 21 days of the circuit court's order denying his motion for

reconsideration, we conclude that plaintiff's claim of appeal was timely filed in accordance with the version of MCR 7.204(A)(1) that was in effect at the time the appeal was filed.

### III. THE CIRCUIT COURT'S DISMISSAL OF PLAINTIFF'S APPEAL

Plaintiff argues that the circuit court erred in dismissing his appeal and by denying his motion for reconsideration because the circuit court erroneously concluded that the appeal was not timely filed. We conclude that plaintiff is not entitled to relief.

"Whether a court has subject-matter jurisdiction presents a question of law that this Court reviews de novo. We review de novo issues of statutory interpretation relating to jurisdiction." *Reynolds v Robert Hasbany MD PLLC*, 323 Mich App 426, 431; 917 NW2d 715 (2018) (citation omitted). We review for an abuse of discretion a decision to dismiss an action, *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), and a decision to deny a motion for reconsideration, *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018).

Under the Elliot-Larsen Civil Rights Act, MCL 37.2101 *et seq.*, a party may file a complaint with the MDCR, which can "[r]eceive, initiate, investigate, conciliate, adjust, dispose of, issue charges, and hold hearings on complaints alleging a violation of" the Act. MCL 37.2602(c). "A complainant and a respondent . . . have a right of appeal from a final order of [the MDCR], including . . . refusals to issue charges[.]" MCL 37.2606(1). MCL 37.2606 requires a party to file an appeal in the circuit court "not more than 30 days after a copy of the order of the commission is *received*[.]" MCL 37.2606(4) (emphasis added). Like the statutory deadline for appeals to the circuit court, Mich Admin Code, R 37.18 requires:

> Any party claiming to be aggrieved by a final order of the commission or the department, including without limitation a refusal to issue a charge, may appeal to the circuit court of the state of Michigan having jurisdiction provided by law within 30 days of the date of *service* of an appealable order. [Emphasis added.]

As already stated, in September 2020, plaintiff contacted the MDCR and alleged "an act of unlawful discrimination" by the RPD. On September 18, 2020, the MDCR sent plaintiff a "Statement of Concern," which indicated that plaintiff's "complaint would not be processed for investigation" because plaintiff had already filed "three previous complaints against the [RPD] that reflect[ed] similar issues[.]" Plaintiff was informed that, if he "wish[ed] to appeal the department's decision not to process a formal complaint," he was required to file an "appeal in writing by October 18, 2020." Plaintiff was instructed to mail the appeal to the MDCR's office in Detroit, Michigan. Plaintiff challenged the MDCR's decision not to investigate his complaint. In an October 20, 2020 letter, the MDCR informed plaintiff that his "request for reversal of the department's decision not to accept a formal complaint from" him was "denied." The letter also informed plaintiff that this constituted "the Department's final decision," and plaintiff was informed of his appellate rights under Rule 37.18.

There is no dispute that the MDCR sent plaintiff a copy of its October 20, 2020 decision to his New York address by United States Postal Service (USPS) on October 23, 2020, and that plaintiff received the MDCR's decision by USPS on October 28, 2020. Therefore, the timeliness of plaintiff's appeal should have been calculated from October 28, 2020. Because plaintiff initiated

his appeal in the circuit court on November 25, 2020, the circuit court erred by dismissing the appeal based on lack of jurisdiction.

Nonetheless, we conclude that the circuit court did not err in dismissing plaintiff's appeal. Plaintiff has made several complaints against the RPD with the MDCR and has appealed many of the MDCR's decisions to the Wayne County Circuit Court, to this Court, and to our Supreme Court.[1]

As relevant to the issue on appeal, in October 2017, the MDCR denied plaintiff's request to file a formal complaint against the RPD because it had already been investigated. Plaintiff appealed to the Wayne County Circuit Court, and plaintiff moved to disqualify the judge who was assigned to his appeal. The motion was denied. Plaintiff thereafter sought review of this decision from the Chief Judge, which was denied. Plaintiff's appeal was dismissed as a result of his failure to comply with the court rules.[2]

In December 2018, plaintiff appealed the Chief Judge's decision to this Court. This Court dismissed the claim of appeal for lack of jurisdiction. *DeFilippis v Dep't of Civil Rights*, unpublished order of the Court of Appeals, entered February 6, 2019 (Docket No. 346966). This Court also concluded that defendants were entitled to sanctions and remanded the matter "for a determination of the amount of actual damages, including reasonable attorney fees, incurred by [defendants] as a result of the vexatious appeal filed by" plaintiff. *DeFilippis v Dep't of Civil Rights*, unpublished order of the Court of Appeals, entered March 15, 2019 (Docket No. 346966).[3] On remand, a Wayne County Circuit Court Judge awarded sanctions in the amount of $8,876.[4] In May 2019, the same judge ordered as follows:

> It is Further Ordered that [plaintiff] shall be precluded from filing any more motions in this case, or any other lawsuits related to this matter in the Wayne

---

[1] We take judicial notice of the filings in Docket Nos. 344883, 346966, and 350894.

[2] Plaintiff filed a delayed application for leave to appeal from the order of dismissal, and this Court denied leave. *DeFilippis v Dep't of Civil Rights*, unpublished order of the Court of Appeals, entered December 3, 2018 (Docket No. 344883). Plaintiff moved for reconsideration of that decision, and the motion was denied. *DeFilippis v Dep't of Civil Rights*, unpublished order of the Court of Appeals, entered January 16, 2019 (Docket No. 344883).

[3] After the March 2019 order was entered, plaintiff moved to disqualify one of the Judges who sat on the panel and for reconsideration of the March 2019 decision. Both motions were denied. *DeFilippis v Dep't of Civil Rights*, unpublished order of the Court of Appeals, entered April 30, 2019 (Docket No. 346966) (denying plaintiff's motion for disqualification); *DeFilippis v Dep't of Civil Rights*, unpublished order of the Court of Appeals, entered April 30, 2019 (Docket No. 346966) (denying plaintiff's motion for reconsideration). Plaintiff filed an application for leave to appeal with our Supreme Court, which was denied. *DeFilippis v Dep't of Civil Rights*, 504 Mich 959 (2019).

[4] Plaintiff appealed from the circuit court's decision, and this Court affirmed. *DeFilippis v Dep't of Civil Rights*, unpublished opinion of the Court of Appeals, issued September 17, 2020 (Docket

County Circuit Court, without first providing a paper copy of the motion, brief, and all exhibits, and/or Complaint, to the Chief Judge of this Court and thereafter obtaining leave from the Chief Judge of this Court to e-file a motion in this case or a Complaint in a new case.

In September 2020, plaintiff again contacted the MDCR and alleged "an act of unlawful discrimination" by the RPD. The MDCR concluded that it could not take further action because plaintiff's "concerns" had been "previously addressed" in prior complaints. In November 2020, plaintiff appealed to the Wayne County Circuit Court. However, there is no evidence that plaintiff sought prefiling review in the circuit court before initiating his most recent appeal of the MDCR's decision. Indeed, in plaintiff's initial circuit court filing, he attached a portion of a September 2018 order, which denied defendants' "request for the court to issue an Order precluding further submissions by [plaintiff] to the Courts of this state, absent a pre-filing review[.]" Plaintiff did not reference the May 2019 order or provide evidence to support that he had complied with that order before initiating the appeal. Because plaintiff failed to comply with the May 2019 order, dismissal of plaintiff's appeal was proper. Therefore, the circuit court did not err by entering an order of dismissal and did not abuse its discretion by denying plaintiff's motion for reconsideration. See *Koster v June's Trucking, Inc*, 244 Mich App 162, 167 n 4; 625 NW2d 82 (2000) ("this Court will not reverse a decision of the trial court where it reaches the right conclusion for the wrong reasons").

## IV. RIGHT TO DUE-PROCESS

Plaintiff next argues that he was deprived of his right to due process because the circuit court failed to treat him "with courtesy and respect" during the January 2021 oral argument. Plaintiff alleges that the circuit court judge treated him unequally because he was appearing *in propria persona*. While "[d]ue process requires that an unbiased and impartial decision-maker hear and decide a case," *Kern v Kern-Koskela*, 320 Mich App 212, 231; 905 NW2d 453 (2017) (quotation marks and citation omitted), plaintiff has failed to provide this Court with a transcript of the January 2021 hearing in violation of MCR 7.210(B)(1)(a).[5] Consequently, we are unable to determine whether the circuit court judge's alleged comments demonstrated that the judge was

---

No. 350894). Plaintiff moved for reconsideration, and the motion was denied. *DeFilippis v Dep't of Civil Rights*, unpublished order of the Court of Appeals, entered November 2, 2020 (Docket No. 350894). Plaintiff filed an application for leave to appeal with our Supreme Court, which was also denied. *DeFilippis v Dep't of Civil Rights*, 507 Mich 1004 (2021).

[5] In September 2021, this Court requested that plaintiff provide the transcript from the January 2021 hearing. Plaintiff failed to do so despite being informed that failure to produce the transcript within 21 days could result in the waiver of some of his arguments on appeal. While a pro se litigant is generally entitled to liberal construction of his submissions and is subject to "less stringent standards," *Estelle v Gamble*, 429 US 97, 106; 97 S Ct 285; 50 L Ed 2d 251 (1976) (quotation marks omitted), a pro se litigant is required to abide by the court rules.

biased.[6]  See *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 151-152; 715 NW2d 398 (2006).

Plaintiff also argues that the circuit court judge's failure to rule on his motion for recusal demonstrates that the circuit court judge was biased against plaintiff.  However, a motion for judicial disqualification "must be filed within 14 days of the discovery of the grounds for disqualification," MCR 2.003(D)(1)(a),[7] or within 14 days of when the moving party "should have discovered the alleged bases for disqualification. . . ."  *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009).

In this case, plaintiff filed the claim of appeal in the circuit court on November 25, 2020.  The circuit court judge was assigned to the matter on November 30, 2020, and plaintiff filed the motion for disqualification on December 17, 2020.  The motion alleged that the circuit court judge was biased and therefore unable to decide the appeal, which had already been dismissed.  To support that the circuit court judge was biased, plaintiff cited documents from 2019 and February 2020 and information that is contained on a website.  Given that this information was publicly and readily available, the alleged bias should have been discovered more than 14 days before the December 2020 motion was filed.  Because the motion was untimely, it would have been proper for the circuit court judge to deny the motion on that basis alone.  See *In re MKK*, 286 Mich App at 566 ("Because respondent's motion for disqualification was filed more than 14 days after he knew or should have discovered the alleged bases for disqualification, it was untimely and was, therefore, properly denied.").  In so holding, however, we question whether *In re MKK* properly expanded the language of MCR 2.003(D)(1)(a), as it appears to have done.  See *Tinman v Blue Cross & Blue Shield of Mich*, 264 Mich App 546, 557-558; 692 NW2d 58 (2004) ("we are to read nothing into the court rule that does not reflect the intent as expressed in the plain language of the rule").  Nonetheless, we are bound to follow *In re MKK*.  MCR 7.215(J)(1).

---

[6] To the extent that we have considered the "unofficial transcript" that was provided by plaintiff, we conclude that plaintiff has failed to establish that the circuit court judge was biased.  Indeed, judges are presumed to be impartial, and "the party who challenges a judge on the basis of bias or prejudice must overcome a heavy presumption of judicial impartiality."  *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996).  "Disqualification on the basis of bias or prejudice cannot be established merely by repeated rulings against a litigant, even if the rulings are erroneous."  *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009).  A trial judge's remarks that "are critical of or hostile to counsel, the parties, or their cases, ordinarily do not establish disqualifying bias."  *Id*. at 567.  Additionally, "partiality is not established by expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women sometimes display."  *People v McIntire*, 232 Mich App 71, 105; 591 NW2d 231 (1998)*, rev'd on other grounds 461 Mich 147 (1999).

[7] A due-process ground for disqualification is also subject to the time limitation of the court rule.  See *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009) ("[W]e disagree with respondent's assertion that his due process ground for disqualification should not be subject to the [14 day] time limitation.").

Perhaps more importantly, given that plaintiff failed to comply with the May 2019 order that required him to seek prefiling review from the Chief Judge, we fail to see how the outcome of the proceeding would have been different had the circuit court judge recused himself and a different judge had been assigned. In sum, plaintiff is not entitled to the relief that he seeks.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Thomas C. Cameron