*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ALONDRA EDDINS.

---

DANIEL ING,

              Petitioner-Appellee,

v

ALONDRA EDDINS, formerly known as
HURTLEAN EDDINS,

              Respondent-Appellant.

FOR PUBLICATION
August 11, 2022
9:00 a.m.

No. 360060
Washtenaw Probate Court
LC No. 14-000316-MI

---

Before: RONAYNE KRAUSE, P.J., and M. J. KELLY and YATES, JJ.

M. J. KELLY, J.

Respondent appeals by right the probate court's order finding that she required continued treatment on the basis of mental illness. Respondent contends that the most-recent petition for continuing mental-health treatment was deficient because it did not set forth all of the factual information required by MCL 330.1473 of the Mental Health Code, MCL 330.1001 *et seq*. She argues that because the petition did not strictly comply with the applicable statutory requirements, the probate court was deprived of subject-matter jurisdiction. Alternatively, she asserts that the probate court should have granted her summary disposition under MCR 2.116(C)(8) because the petition for continuing mental-health treatment failed to state a claim. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

Respondent has a long history of receiving involuntary mental-health treatment. The initial petition seeking involuntary mental-health treatment for respondent was filed on August 18, 2014. It alleged that respondent was experiencing visual hallucinations of figures and bugs, had gone two months without psychiatric medications, had increased paranoia, believed that she was possessed by demons, and had homicidal ideation toward the individuals that she believed had used "witchcraft" on her. On November 5, 2014, the probate court entered an order requiring

respondent to undergo 60 days of hospitalization and 90 days of alternative treatment. Thereafter, in response to subsequent petitions seeking continuing involuntary mental-health treatment for respondent, the probate court entered additional orders requiring respondent to be hospitalized and/or receive outpatient treatment. Those orders were entered in January 2015, February 2016, January 2017, December 2017, November 2018, October 2019, and October 2020.

On September 15, 2021, the petition at issue in this case was filed and, as required by MCL 330.1473, it was accompanied by a clinical certificate.[1] A hearing on the petition was held on January 5, 2022. At the hearing, respondent's lawyer made an oral motion to dismiss the petition under MCR 2.116(C)(4). Respondent's lawyer argued that because the petition did not exactly comply with the requirements stated in the Mental Health Code, the trial court lacked jurisdiction pursuant to MCL 330.1403.[2] The probate court decided that it would continue with the proofs and rule on respondent's motion at the end of the hearing.

The court heard testimony from the doctor that filed the clinical certificate submitted with the 2021 petition. The doctor recounted that respondent's history of mental illness dated back to 1992. He explained that medication provided to her had improved her situation but had not entirely eliminated her delusions. The treatment team continued to be worried about respondent's threats to kill her sister-in-law. He noted that "this delusion has gone on for 30 years," that they had tried "probably 10 different oral medications," and that they had simply not been able to convince respondent that many of her beliefs were symptoms and not real. He explained that respondent did not believe she had an illness. The doctor opined that respondent's conduct for the past 22 years supported his determination that respondent would not take her medication without a court order. On cross-examination, respondent's lawyer suggested that respondent's beliefs were actually just aspects of her religion or culture. The doctor disagreed, explaining that many of respondent's delusional beliefs had no religious aspect and that respondent was actually paranoid and threatening the safety of others.

After the doctor testified, petitioner moved to amend the petition. The court granted the motion, stating:

> Okay. So we're dealing with a petition that was filed September 15th, 2021. And I am going to allow amendment to conform to the proofs. I do not believe that the admission of the evidence would prejudice [inaudible—background noise] defending this case on the merits. I think it was very clear after 30 years of having

---

[1] A "clinical certificate" is defined as "the written conclusion and statements of a physician or a licensed psychologist that an individual is a person requiring treatment, together with the information and opinions, in reasonable detail, that underlie the conclusion, on the form prescribed by the department or on a substantially similar form." MCL 330.1400(a). Respondent does not allege that the clinical certificate filed with the 2021 petition was defective.

[2] MCL 330.1403 states that "[i]ndividuals shall receive involuntary mental health treatment only pursuant to the provisions of" the Mental Health Code.

this illness and having petitions being filed on a regular basis why this case was brought and why we are here. So I am preempting that motion to amend.

Thereafter, respondent moved for summary disposition under MCR 2.116(C)(8), asserting that "the petition in this case, as stated above, fails to include the fact statements required by the statute" which "not only deprives the Court of subject matter jurisdiction, but it also defeats Petitioner's claim." The trial court denied the motion, stating that it was allowing amendment of the pleadings. The court also noted that, in light of the case's history, respondent was aware of why the petition was brought. Ultimately, the trial court concluded that respondent continued to need treatment.[3]

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Respondent argues that summary disposition was warranted under MCR 2.116(C)(4) or MCR 2.116(C)(8). We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Summary disposition under MCR 2.116(C)(4) is mandated when "[t]he court lacks jurisdiction of the subject matter." "Whether a court has subject-matter jurisdiction presents a question of law that this Court reviews de novo." *Reynolds v Robert Hasbany MD PLLC*, 323 Mich App 426, 431; 917 NW2d 715 (2018). Summary disposition is warranted under MCR 2.116(C)(8) if petitioner has "failed to state a claim upon which relief can be granted." A (C)(8) motion "tests the legal sufficiency of the complaint on the basis of the pleadings alone." *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). A petition filed in the probate court is a pleading. See MCR 5.001(B)(2) ("References to 'pleadings' in the Michigan Court Rules also apply to petitions, objections, and claims in probate court proceedings."). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

## B. ANALYSIS

The underlying premise of respondent's arguments on appeal is that the 2021 petition for continuing mental-health treatment did not strictly comply with the requirements stated in MCL 330.1473,[4] and, as a result, the probate court was deprived of subject-matter jurisdiction. We first address whether the petition was defective under MCL 330.1473.

---

[3] On appeal, respondent states that she disagrees with the court's determination that she is a person requiring treatment, but she does not challenge that determination. Instead, she expressly states that it is "not the issue on appeal." Given that the issue has not been raised before this Court, we decline to consider whether the probate court erred by determining that respondent is a person requiring treatment.

[4] Respondent also contends that the 2021 petition failed to strictly comply with the requirements stated in MCL 330.1434. However, MCL 330.1434 addresses the requirements for an initial

Under MCL 330.1473, a petition for continuing involuntary mental-health treatment must

> contain a statement setting forth the reasons for the hospital director's or supervisor's or their joint determination that the individual continues to be a person requiring treatment, a statement describing the treatment program provided to the individual, the results of that course of treatment, and a clinical estimate as to the time further treatment will be required. The petition shall be accompanied by a clinical certificate executed by a psychiatrist.

Based on our review of the 2021 petition, it is apparent that it did not comply with every requirement stated in MCL 330.1473.

In particular, although the statute requires the petition to include "a statement setting forth the reasons for the . . . determination that the individual continues to be a person requiring treatment," see MCL 330.1473, the 2021 petition does not include any information describing respondent's current condition. Instead, the petition had a check in the box next to a boilerplate paragraph stating that "the individual's judgment is so impaired by that mental illness and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary . . . to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others." In further form fields, the petition stated that the above conclusions were based upon the fact that "[respondent] was last hospitalized in Aug. 2014 due to an increase in her psychiatric symptoms." No further details were provided. Thus, although the 2021 petition certainly includes details supporting the inference that respondent was initially a person requiring treatment, there is no statement setting forth the reasons that she continued to be a person that requires treatment. As a result, the 2021 petition failed to comply with MCL 330.1473. Moreover, the 2021 petition was also deficient because, although the 2021 petition provided details on the treatment that was provided to respondent,[5] it did not include "the results of that course of treatment."

Having determined that the 2021 petition failed to comply with the mandatory requirements in MCL 330.1473, we turn to respondent's argument that the failure to strictly comply with the statute deprived the court of subject-matter jurisdiction.

"Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases, not the particular case before it." *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015) (quotation marks and citation omitted). "It is the abstract power to try a case of the kind or character of the one pending, but not to determine whether the particular case is one that presents a cause of action or, under the particular facts, is triable before the court in which it is

---

petition for involuntary mental-health treatment. Because this case involves a petition for continuing mental-health treatment, not an initial petition for involuntary mental-health treatment, only the requirements in MCL 330.1473 are applicable.

[5] Specifically, it indicated that respondent's diagnosis was "schizophrenia" and that the treatment provided was "Psychiatric Services, Nursing Services and Case Management Services."

pending." *Id.* (quotation marks and citation omitted). "A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint. If it is apparent from the allegations that the matter alleged is within *the class of cases* with regard to which the court has the power to act, then subject-matter jurisdiction exists" *Reynolds*, 323 Mich App at 431 (quotation marks and citation omitted).

"Probate courts are courts of limited jurisdiction. The jurisdiction of the probate court is defined entirely by statute." *In re Wirsing*, 456 Mich 467, 472; 573 NW2d 51 (1998), citing Const 1963, art 6, § 15. "Courts are not permitted to enlarge or diminish the jurisdiction conferred by statute or the constitution." *In re Complaint of Knox*, 255 Mich App 454, 458; 660 NW2d 777 (2003).

On appeal, respondent relies on our Supreme Court's decision in *North v Washtenaw Circuit Judge*, 59 Mich 624; 26 NW 810 (1886). In that case, our Supreme Court held that the probate court lacked jurisdiction to appoint a guardian for an allegedly incompetent person, reasoning:

> *The probate court derives its jurisdiction to appoint guardians for insane and incompetent persons entirely from the statute, and in order to obtain jurisdiction in such cases the provisions of the statute must be strictly pursued.* The petition can only be filed in the county where the incompetent resides, and no hearing can be had, or appointment made, until such incompetent has had at least 14 days' previous notice of the time and place when and where such hearing is to be had, and such notice must be personally served, and must be a written one, and this is absolutely essential to give the court jurisdiction. *No such notice was given to [respondent].*
>
> It is not enough that she may have learned of the pendency of such proceeding . . . . *The notice* must be not only a written one, but *must be given under the order of the judge of probate.*
>
> Her appearance before the judge of probate in the manner and under the circumstances shown by the record, at the time the claimed hearing was had, neither waived her right to the notice required to be given by the statute, nor did it confer jurisdiction upon the court.
>
> *The want of notice*, such as we have stated, *clearly rendered the whole proceeding in the probate court void*. . . . . [*Id.* at 646-647 (citations omitted; emphasis added.]

Respondent contends that, under *North*, petitioner's failure to strictly comply with mandatory provisions of the Mental Health Code means that the probate court lacks subject-matter jurisdiction. We disagree.

When *North* was decided in 1886, the jurisdiction of the probate court was derived from 240 How Stat 6314-6315. At present, however, the jurisdictional limits of the probate court as it relates to matters under the Mental Health Code are stated in the Estates and Protected Individuals

-5-

Code (EPIC), MCL 700.1101 *et seq.*, the Revised Judicature Act of 1961 (RJA), MCL 600.101 *et seq.*, and our State Constitution, Const 1963, art 6, § 15. The RJA became effective on January 1, 1963, see 1961 PA 236, our State Constitution was ratified in 1963, and EPIC became effective on April 1, 2000, see 1998 PA 386. Consequently, we conclude that respondent's reliance on the Supreme Court's interpretation of a statute governing the probate court's jurisdictional limits in 1886 is not persuasive as to whether the probate court has jurisdiction over a similar action in 2022.[6] Rather than rely on the Supreme Court's interpretation of past statutes, we turn to the present authorities governing the jurisdiction of the probate court.

Specifically, our Constitution provides that "[t]he jurisdiction, powers and duties of the probate court and of the judges thereof shall be provided by law." Const 1963, art 6, § 15. In turn, MCL 700.1302(c) provides that, except under circumstances not relevant in this case, the probate court "has exclusive legal and equitable jurisdiction" over proceedings that concern "a guardianship, conservatorship, or protective proceeding." A petition for continuing mental-health treatment brought under the Mental Health Code is a "protective proceeding." See MCL 700.1106(t) (stating that " 'proceeding' includes an application and a petition"); see also MCR 5.101(B) (indicating that one form of action that can be commenced in the probate court is a proceeding, which "is commenced by filing an application or a petition with the court"); and MCR 5.730 (stating that proceedings under the Mental Health Code are generally governed by the court rules applicable to the probate court). Finally, MCL 600.841 provides that the probate court has jurisdiction and power "[a]s conferred upon it under the mental health code, 1974 PA 258, MCL 330.1001 to 330.2106."

Because the probate court has exclusive legal and equitable jurisdiction over protective proceedings—including proceedings brought under the Mental Health Code—the probate court has subject-matter jurisdiction over this claim. That is, it has the abstract power to try cases brought under the Mental Health Code. See *Teran*, 313 Mich App at 205. The court's subject-matter jurisdiction is not dependent upon whether the petition for continuing mental-health treatment filed in this case strictly complied with the requirements of the Mental Health Code. The probate court, therefore, did not err by denying respondent's motion to dismiss the petition for lack of subject-matter jurisdiction.[7]

---

[6] We recognize that our Supreme Court has reiterated the principle that a probate court's "jurisdiction" over involuntary mental-health proceedings depends upon strict compliance with all applicable statutory requirements. See *Ex parte Roberts*, 310 Mich 560, 562; 17 NW2d 752 (1945); *Ex parte Fuller*, 334 Mich 566, 572-575; 55 NW2d 96 (1952); and *Ex parte Fidrych*, 331 Mich 485, 486; 50 NW2d 303 (1951). Yet, like the opinion in *North*, each of those cases pre-dates the probate court's current jurisdictional limits as set forth by our 1963 Constitution, EPIC, and the RJA. As a result, we are not persuaded that the interpretation of the "jurisdiction" of the probate court stated in those opinions should be applied to control the outcome of this case.

[7] Even if a faulty petition for continuing mental-health treatment is filed, it does not automatically result in the deprivation of an individual's rights. Indeed, before the court may enter an order requiring continuing involuntary hospitalization or mental-health treatment, the court must find,

The trial court also did not err by denying respondent's oral motion for summary disposition under MCR 2.116(C)(8). As stated above, a (C)(8) motion may only be granted if "a claim is so unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160. Here, notwithstanding the petition's failure to strictly comply with MCL 330.1473, it is apparent that the claim can be supported with further factual development. Further, even if summary disposition were appropriate under MCR 2.116(C)(8), the probate court "shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). An amendment "would not be justified if it would be futile." *Ormsby v Capital Welding, Inc*, 471 Mich 45, 53; 684 NW2d 230 (2004). Here, the court heard testimony regarding respondent's current condition and the results of her course of treatment. Thereafter, petitioner moved to amend the petition, and the probate court granted the motion. In light of the testimony at the hearing, it is clear that the amendment of the petition was justified. The probate court did not, therefore, err by denying respondent's motion for summary disposition under MCR 2.116(C)(8) or by permitting petitioner to amend the petition so that it would comply with the requirements in MCL 330.1473.

## III. CONCLUSION

The 2021 petition failed to strictly comply with the requirements of MCL 330.1473. That failure, however, did not deprive the probate court of subject-matter jurisdiction over the continuing involuntary mental-health treatment proceeding. Moreover, although the petition was defective, the trial court did not err by denying respondent's motion for summary disposition under MCR 2.116(C)(8) and by granting petitioner's motion to amend the petition. Such an amendment was justified based upon the testimony presented at the hearing on the 2021 petition.

Affirmed. No taxable costs are awarded. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Christopher P. Yates

---

at a minimum, that the individual is a "person requiring treatment," see MCL 330.1401. In this case, the court acknowledged that the petition might be deficient, so it held a hearing and took evidence to determine whether a continuing mental-health order was warranted. In doing so, the court safeguarded respondent's rights from an erroneous deprivation based on a faulty petition. At the hearing, petitioner presented testimony supporting the request for involuntary hospitalization and mental-health treatment.