*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OHLA YOUNG[1],

        Plaintiff-Appellant,

v

LISA MARIE KASHAT and WILLIAM PETERS,

        Defendants-Appellees.

UNPUBLISHED
February 09, 2026
9:17 AM

No. 373554
Macomb Circuit Court
LC No. 2024-002088-CH

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

Plaintiff, now deceased, was the personal representative of her deceased grandmother's estate. The estate's only asset is a parcel of property that has become the subject of a lawsuit brought by plaintiff. Plaintiff brought the suit in her individual capacity, not as a representative of the estate and now appeals as of right the opinion and order granting defendants' motion for summary disposition under MCR 2.116(C)(10) (no dispute of material fact), finding plaintiff was not a real party in interest. We vacate and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a parcel of property (the Property) owned by Olena Kislomed (decedent). Decedent was plaintiff's mother and defendant Lisa Kashat's grandmother. Kashat lived at the Property with decedent since June 2006 and remained at the Property when decedent passed on September 21, 2006. Plaintiff was appointed the personal representative of decedent's estate on October 10, 2006, with the Property being the only asset of the estate.

On December 1, 2006, plaintiff allegedly signed a quitclaim deed, transferring the Property from decedent's estate to plaintiff and Kashat, with rights of survivorship. The quitclaim deed was notarized on December 19, 2006. Plaintiff filed this complaint against defendants, seeking: (1) to

---

[1] Prior to oral argument in this case, Plaintiff Ohla Young died. Therefore, MCR 2.202(A) will apply on remand.

quiet title; (2) alleging common-law and statutory slander of title by Kashat; (3) alleging conversion by defendants; and (4) seeking to evict defendants from the Property. Plaintiff alleged defendants committed insurance fraud for which she could recover within her claim of conversion.

Defendants moved for summary disposition under MCR 2.116(C)(10), arguing there was no dispute the deed was authentic, and plaintiff failed to establish fraud or misrepresentation. In the alternative, defendants argued summary disposition was also appropriate under MCR 2.116(C)(1) (trial court lacks personal jurisdiction), (C)(4) (trial court lacks subject-matter jurisdiction), (C)(7) (dismissal appropriate because of statute of limitations), and (C)(8) (failure to state a claim on which relief can be granted). Defendants maintained decedent's estate was the proper party and the probate court had jurisdiction of the case. In response, plaintiff asserted she was the proper party, because she was bequeathed the Property through decedent's will, and requested an opportunity to amend her complaint to provide additional factual allegations to support her claim of fraud. At the hearing, plaintiff reiterated her request to amend her pleadings, noting she uncovered additional facts on the issues, and the trial court provided the parties an opportunity to submit additional briefing on the jurisdictional issue.

The trial court granted summary disposition under MCR 2.116(C)(10). The trial court determined there was no dispute of fact that plaintiff was not a real party in interest. It relied on plaintiff's admission that if the deeds were found to be fraudulent, the Property would return to the decedent's estate. This appeal followed.

## II. EXCEPT WITH RESPECT TO THE INSURANCE CLAIM, THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF WAS NOT A REAL PARTY IN INTEREST

Plaintiff claims the trial court erred granting summary disposition. We agree in part.

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). "In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

While defendants requested summary disposition on several grounds, the trial court only considered the motion under MCR 2.116(C)(10). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden* 461 Mich at 120. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). "A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (quotation marks and citation omitted). "When reviewing a decision on a motion for summary disposition, this Court will not consider evidence that had not been submitted to the lower court at the time the

motion was decided." *In re Estate of Rudell*, 286 Mich App 391, 405; 780 NW2d 884 (2009). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Maiden*, 461 Mich at 121.

"Whether a party has standing or is a real party in interest both involve questions of law and are also subject to de novo review." *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket Nos. 165537, 165538, and 165964); slip op at 14. "We review de novo, as a question of law, 'whether a court possesses personal jurisdiction over a party. . . .' " *City of Fraser v Almeda Univ*, 314 Mich App 79, 86; 886 NW2d 730 (2016), quoting *Yoost*, 295 Mich App at 219. "Whether a court has subject-matter jurisdiction presents a question of law that this Court reviews de novo." *Reynolds v Robert Hasbany MD PLLC*, 323 Mich App 426, 431; 917 NW2d 715 (2018).

## B. ANALYSIS

Plaintiff claims the trial court erred when it determined there was no dispute of material fact that plaintiff was not a real party in interest. We agree.

In her will, decedent stated: "I hereby give, devise and bequeath to my daughter Ohla Young, my home located at 37387 Curwood Dr., Sterling Heights, Michigan." Defendants did not contest the will in the trial court or in this Court. Plaintiff attached decedent's will to her response to defendants' motion for summary disposition.

Plaintiff further developed her argument on appeal, explaining she was a real party in interest under the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, and MCL 600.2932(1). "Article III of EPIC . . . , 'governs probate of wills and estate administration.' " *In re Emmet County Treasurer for Foreclosure*, 345 Mich App 692, 701; 9 NW3d 142 (2023), quoting *In re Lundy Estate*, 291 Mich App 347, 352; 804 NW2d 773 (2011). MCL 700.3101 states, in relevant part:

> Upon an individual's death, the decedent's property devolves to the persons to whom the property is devised by the decedent's last will or to those indicated as substitutes for them in cases involving lapse, disclaimer, or other circumstances affecting devolution of a testate estate, or in the absence of testamentary disposition, to the decedent's heirs or to those indicated as substitutes for them in cases involving disclaimer or other circumstances affecting devolution of an intestate estate, subject to homestead allowance, family allowance, and exempt property, to rights of creditors, to the surviving spouse's elective share, and to administration.

"MCL 700.3101 is consistent with the common-law rule that title to real estate passes upon death to the heirs or devisees." *In re Emmet Co Treasurer for Foreclosure*, 345 Mich App at 701. "It is for this reason that heirs or devisees are considered proper parties to litigation involving the deceased's real estate." *Id.* at 702.

Decedent's will established that plaintiff was the devisee of the Property. A real party in interest " 'is one who is vested with the right of action on a given claim . . . .' " *Farrar v Suburban*

*Mobility Auth for Regional Transp*, 345 Mich App 482, 482; 7 NW3d 80 (2023), quoting *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013). Further, devisees are proper parties to litigation concerning a decedent's real estate. *In re Emmet Co Treasurer for Foreclosure*, 345 Mich App at 702. Consequently, the trial court erred when it determined plaintiff was not a real party in interest with respect to her claims involving the Property.

The trial court did not address the substantive arguments regarding defendants' motion for summary disposition under MCR 2.116(C)(10) with respect to plaintiff's claims of: (1) quiet title; (2) slander of title; (3) statutory slander of title; (4) conversion; and (5) "eviction." As such, we remand this case for the trial court for further proceedings.

Because we reverse the grant of summary disposition, plaintiff may revisit her argument that discovery was concluded prematurely as well as her request to amend her complaint.[2] As to discovery, we note that "[m]ere conjecture does not entitle a party to discovery, because such discovery would be no more than a fishing expedition." *Davis v City of Detroit*, 269 Mich App 376, 380; 711 NW2d 462 (2005), see also *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 371; 986 NW2d 451 (2022) (while Michigan is committed to open and wide-reaching discovery, its policy does not encompass fishing expeditions). On remand, the trial court should also consider the jurisdictional issues raised by both parties. In remanding this case, we do not limit the ability of the circuit court to consolidate this case with any related cases in either the probate court or the circuit court.

### III. CONCLUSION

For the reasons stated above, we vacate the trial court's order and remand for further proceedings consistent with this opinion.[3] We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young

---

[2] Plaintiff claims the trial court erred when it denied her an opportunity to amend her complaint under MCR 2.116(I)(5). As discussed, the trial court erroneously granted summary disposition under MCR 2.116(C)(10), making this issue moot. Because the trial court erroneously granted summary disposition under MCR 2.116(C)(10), plaintiff is not entitled to an amendment under MCR 2.116(I)(5). On remand, the trial court will determine whether summary disposition was appropriate and can address plaintiff's request to amend, if plaintiff still maintains her request. Furthermore, the trial court addressed discovery issues in its ruling and on appeal, plaintiff offers nothing more than conjecture, so we do not find a reason to disturb that ruling.

[3] We note there is nothing preventing the trial court from determining that summary disposition of plaintiff's claims is appropriate and an amendment would be futile on remand.