*In re* FORFEITURE OF ONE 1987 CHEVROLET BLAZER

Docket No. 117918. Submitted November 14, 1989, at Grand Rapids. Decided April 3, 1990.

Lance L. Kendziorski was arrested and charged with conspiracy to deliver cocaine. In a subsequent interview with police, he admitted that he used his 1987 Chevrolet Blazer for transporting buyers of illicit drugs to and from drug sales. The Blazer was seized at the time of Kendziorski's arrest and he was given a notice of forfeiture. A hearing was held regarding the forfeiture of the Blazer in Marquette Circuit Court. The court, Edward A. Quinnell, J., held that the Blazer was not subject to forfeiture on the ground that the vehicle itself was not used to transport the controlled substances. The complaint for forfeiture was dismissed. The people appealed.

The Court of Appeals *held:*

The forfeiture statute at issue, being part of the Public Health Code, must be liberally interpreted in order to promote the health, safety, and welfare of Michigan citizens. The statute provides that any thing of value used to facilitate any violation of the controlled substances provisions of the Public Health Code is subject to forfeiture if a substantial connection between the seized property and the alleged criminal activity can be proven. Thus, if it can be proven that the Blazer was used to facilitate the sale or receipt of a controlled substance not by actual transportation of the controlled substance to a customer but rather by transportation of the customer to the controlled substance, the Blazer is subject to forfeiture. The trial court's order of dismissal is vacated and the matter is remanded to the trial court for a full hearing.

Reversed and remanded.

CONTROLLED SUBSTANCES — AUTOMOBILES — FORFEITURES AND PENALTIES.

A vehicle used to facilitate the sale or receipt of a controlled

REFERENCES

Am Jur 2d, Forfeitures and Penalties § 25.

Relief to owner of motor vehicle subject to state forfeiture for use in violation of narcotics laws. 50 ALR3d 172.

substance by transportation of the customer to the controlled substance is subject to forfeiture under the controlled substances provisions of the Public Health Code if a substantial connection between the vehicle and the alleged criminal activity can be proven; it is not necessary to prove that the vehicle was used to actually transport the controlled substance (MCL 333.7521; MSA 14.15[7521]).

*Frank J. Kelley,* Attorney General, *Gary L. Walker,* Prosecuting Attorney, and *David A. Payant,* Assistant Prosecuting Attorney, for plaintiff.

*Richard J. Jason,* for defendant.

Before: CYNAR, P.J., and MARILYN KELLY and T. G. KAVANAGH,* JJ.

PER CURIAM. The people appeal as of right from the order of the circuit court dismissing a complaint for forfeiture of a 1987 Chevrolet S-10 Blazer pursuant to MCL 333.7521 *et seq.*; MSA 14.15 (7521) *et seq.* At the time of the forfeiture hearing the automobile was owned by claimant Lance L. Kendziorski. We reverse and remand.

Testimony of police officers at the forfeiture hearing indicated that claimant Kendziorski used the vehicle in question to transport customers to and from the home of an illicit drug dealer for the purpose of purchasing various quantities of cocaine. However, when questioned by the court during examination of one of the officers, the prosecutor indicated that no facts would be developed to show that the vehicle was ever used to actually transport controlled substances. On that basis, the trial court found the forfeiture statute inapplicable and dismissed the proceedings before any further testimony could be had, including that of the claimant.

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

We disagree with the trial court's interpretation of the forfeiture statute. MCL 333.7521; MSA 14.15 (7521) states in pertinent part:

> (1) The following property is subject to forfeiture:
>
> &ast; &ast; &ast;
>
> (d) A conveyance, including an aircraft, *vehicle,* or vessel used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a) or (b). . . .
>
> &ast; &ast; &ast;
>
> (f) *Any thing of value* that is furnished or intended to be furnished in exchange for a controlled substance or an imitation controlled substance in violation of this article, traceable to an exchange for a controlled substance or an imitation controlled substance in violation of this article, or *used or intended to be used to facilitate any violation of this article* including but not limited to money, negotiable instruments, or securities. [Emphasis added.]

The goal of statutory construction is to effectuate the legislative intent. *Baxter v Gates Rubber Co,* 171 Mich App 588, 590; 431 NW2d 81 (1988). If two statutes conflict, then the specific prevails as an exception to the general. *People v Tucker,* 177 Mich App 174, 179; 441 NW2d 59 (1989). However, if two statutes lend themselves to a construction which harmonizes their meanings and avoids conflict, that construction should control. *Baxter, supra.*

While generally forfeitures are not favored in the law, since § 7521 is embodied in article 7 of the Public Health Code, it must be liberally interpreted in order to promote the health, safety, and welfare of Michigan citizens. MCL 333.1111(2);

MSA 14.15(1111)(2); MCL 333.7101(2); MSA 14.15(7101)(2); *In re Forfeiture of $5,264,* 432 Mich 242, 258-259; 439 NW2d 246 (1989). Construing § 7521(1)(f), our Supreme Court has held that "[t]he phrase 'any thing of value' . . . is all-inclusive, encompassing both real and personal property." *Id.* at 250. Thus, the property in question here is subject to forfeiture if the people can prove a "substantial connection" between the seized property and the alleged criminal activity. *Id.* at 260-262.

We also find no conflict between § 7521(1)(f) and § 7521(1)(d). Rather, § 7521(1)(f) addresses contingencies in addition to those provided for in § 7521(1)(d), such as here, where the Blazer may have been used to facilitate the sale or receipt of a controlled substance not by actual transportation of the controlled substance to a customer but rather by transportation of the customer to the controlled substance.

We therefore vacate the trial court's order of dismissal and remand for a full hearing on this matter. We do not retain jurisdiction.

Reversed and remanded.