*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re FORFEITURE OF 2006 SATURN ION

UNPUBLISHED
March 24, 2022

PEOPLE OF THE STATE OF MICHIGAN,

　　　　Plaintiff-Appellant,

v

No. 357183
Wayne Circuit Court
LC No. 19-014106-CF

2006 SATURN ION,

　　　　Defendant,

and

STEPHANIE WILSON,

　　　　Claimant-Appellee.

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

In this forfeiture action, plaintiff appeals as of right the order granting claimant's motion for summary disposition. We reverse and remand for further proceedings.

## I. BACKGROUND FACTS

On June 24, 2021, claimant received a call from Malcolm Smith requesting a ride. According to claimant, she drove her 2006 Saturn Ion to Detroit, Michigan, parked in front of a gas station on Lumley Street, and Smith came up from behind and got into the vehicle. Claimant testified that, afterwards, she drove a short distance and was pulled over moments later by Sergeant Chivas Rivers of the Wayne County Sheriff's Office, who had been surveilling a house on Lumley for narcotics activity.

-1-

Rivers' account of the stop differed from claimant's. According to Rivers, claimant and Smith drove up to and parked in front of the house on Lumley that Rivers was surveilling for narcotics activity, and while they were parked, an unknown black male approached the passenger side of claimant's vehicle and "reached his arm into the window in what appeared to be a hand to hand drug transaction." After claimant pulled away from the house, Rivers stopped the vehicle and interviewed claimant and Smith. According to Rivers, Smith said that he was there to purchase $10 worth of heroin, and claimant confirmed "that she was transporting Mr. Smith down there to purchase narcotics from the Lumley address . . . ." Claimant, for her part, denied making these statements. After interviewing claimant and Smith, Rivers found five empty syringes under the passenger seat, but no drugs. Nevertheless, the vehicle was seized, and nearly four months later, on October 23, 2019, forfeiture proceedings were initiated by plaintiff under MCL 333.7521 *et seq*.

Following discovery, claimant moved for summary disposition on three grounds. Claimant asserted that she was entitled to summary disposition under (1) MCR 2.116(C)(7) based on plaintiff's failure to promptly file its complaint for forfeiture, (2) MCR 2.116(C)(8) based on plaintiff's failure to state a claim on which relief can be granted, and (3) MCR 2.116(C)(10) because there was no material factual dispute and claimant was entitled to judgment as a matter of law. At the hearing on claimant's motion, the trial court questioned counsel from each party about the facts surrounding the seizure of the vehicle. The court acknowledged that Rivers appeared to witness a "hand-to-hand transaction," but noted that "people can come and go and go up to a car and hand a lot of things over," and the car was stopped only "a couple minutes later" and "no drugs" were found. Shortly thereafter, the trial court granted claimant's motion for summary disposition without specifying under which subrule it was ruling.

Plaintiff moved for reconsideration, a motion to stay, and an ex parte motion for relief from judgment. The trial court denied these motions and directed plaintiff to release claimant's vehicle immediately. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Hoffner v Lactoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). In reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court considers "all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *McLain v Lansing Fire Dep't*, 309 Mich App 335, 340; 869 NW2d 645 (2015). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint" and "[a]ll well-plead allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). For review of a motion under MCR 2.116(C)(10), this Court considers "affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). Summary disposition is appropriate under MCR 2.116(C)(10) when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "There is a genuine issue of material fact when reasonable

minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

To the extent that this appeal asks this Court to review the interpretation of a statute, "[t]his Court reviews questions of statutory interpretation de novo." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 470; 719 NW2d 19 (2006).

## III. VEHICLE FORFEITURE

On appeal, plaintiff argues that the trial court erred by granting summary disposition under MCR 2.116(C)(10). In response, claimant argues that the trial court not only granted her motion under MCR 2.116(C)(10), but also under subrules (C)(7) and (C)(8), and she argues that plaintiff's failure to brief arguments related to MCR 2.116(C)(7) and (C)(8) constitutes an abandonment of these issues. We disagree with plaintiff's assertion that the trial court granted her motion for summary disposition under MCR 2.116(C)(7) or (C)(8). Although claimant argued that she was entitled to summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), the trial court appears to only have decided the case on MCR 2.116(C)(10) grounds. For claimant's contentions related to MCR 2.116(C)(7), the trial court made no mention of those arguments during the motion hearing or in its order following the hearing, therefore the record lacks any finding that plaintiff failed to promptly file its complaint for forfeiture, as claimant argued. As for claimant's arguments related to MCR 2.116(C)(8), it appears that the trial court did not grant summary disposition under that subrule because the court considered evidence outside the pleadings during the hearing on claimant's motion. See *Steward v Panek*, 251 Mich App 546, 554-555; 652 NW2d 232 (2002) (explaining that a motion will not be considered to have been decided under MCR 2.116(C)(8) if the trial court considered evidence outside the pleadings). Consequently, by only contesting the trial court's order on MCR 2.116(C)(10) grounds, plaintiff disputed the basis for the trial court's ruling, and plaintiff was not otherwise required to argue on appeal that summary disposition was not warranted under MCR 2.116(C)(7) or (C)(8) in order to obtain appellate relief.

Turning to the remaining dispute on appeal, plaintiff alleges that claimant's vehicle is subject to forfeiture under MCL 333.7521(1)(d). That subsection provides in relevant part that "a conveyance, including an aircraft, vehicle, or vessel used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of [a controlled substance]," is subject to forfeiture. MCL 333.7521(1)(d). In other words, under MCL 333.7521(1)(d), a "vehicle which, if used to facilitate any prohibited transaction concerning illicit drugs, is subject to forfeiture." *People v One 1979 Honda Auto, Vin No 284S2150186*, 139 Mich App 651, 655; 362 NW2d 860 (1984). See also *In re Forfeiture of One 1985 Mercedes Benz*, 174 Mich App 203, 205; 435 NW2d 426 (1988).

"While generally forfeitures are not favored in the law, since § 7521 is embodied in article 7 of the Public Health Code, it must be liberally interpreted in order to promote the health, safety, and welfare of Michigan citizens." *In re Forfeiture of One 1987 Chevrolet Blazer*, 183 Mich App 182, 184; 454 NW2d 201 (1990).

The trial court reasoned that, despite Rivers seeing what appeared to be a hand-to-hand drug transaction, "people can come and go and go up to a car and hand a lot of things over," and ultimately "no drugs" were found when the car was stopped "a couple minutes later." That is, the

trial court seemed to conclude that plaintiff's evidence was insufficient to establish a question of fact about whether claimant's vehicle was used to transport drugs as part of a prohibited drug transaction that would subject the vehicle to forfeiture under MCL 333.7521(1)(d). When the evidence is viewed in the light most favorable to plaintiff, however, we believe that this conclusion is untenable. Rivers testified that while surveilling a "known drug house," he saw claimant park her car outside the home, and watched as someone from the home approached the vehicle and "reached his arm into the window in what appeared to be a hand to hand drug transaction." Claimant then drove off. According to Rivers, when he stopped the vehicle shortly thereafter, both Smith and claimant admitted that they went to the house to purchase heroin. On the basis of this evidence, a reasonable factfinder could conclude that claimant used her vehicle to drive to a "drug house" intending to purchase heroin, her passenger purchased some heroin, and then claimant drove off with the heroin in the vehicle.[1] If proven, these facts would establish that the vehicle is subject to forfeiture under MCL 333.7521(1)(d).[2]

Claimant argues that even under these facts, MCL 333.7521(1)(d) cannot support forfeiture because the evidence only supports that claimant's vehicle was used to transport an individual to buy drugs, not to transport drugs. We disagree. As explained, when viewing the evidence in the light most favorable to plaintiff—as it must be at this stage in the proceedings—a reasonable factfinder could infer that claimant used her vehicle to transport the heroin after Smith purchased it. That is, we do not interpret plaintiff's action as seeking to subject claimant's vehicle to forfeiture merely for transporting a person who intended to purchase or did purchase illicit drugs.

As previously explained, in her motion for summary disposition, claimant raised additional claims under MCR 2.116(C)(7) and (C)(8) that the trial court failed to address. While we conclude

---

[1] Claimant argues on appeal that her vehicle was only used to bring Smith "to a location where he bought and used drugs," seeming to imply that she never drove the vehicle with the heroin in it. That is, she seems to argue that she never transported the heroin. While it is true that no drugs were found in the car when it was stopped shortly after it pulled away from the "drug house," no evidence established when Smith used the heroin. A reasonable factfinder could infer that Smith used the heroin in the short time between when claimant drove away from the house and when Rivers stopped claimant.

[2] Plaintiff contends on appeal that this conclusion is buttressed by this Court's decision in *In re Forfeiture of One 1987 Chevrolet Blazer*, 183 Mich App 182. It is not. In that case, the plaintiff conceded that the vehicle was never used to transport controlled substances, but argued that it was still subject to forfeiture under MCL 333.7521(1)(f). *Id*. at 183-184. This Court agreed that the text of subsection (f) supported that a vehicle would be subject to forfeiture under the facts of that case, and further concluded that subsection (f) and (d) did not conflict because "§ 7521(1)(f) addresses contingencies in addition to those provided for in § 7521(1)(d), such as here, where the Blazer may have been used to facilitate the sale or receipt of a controlled substance not by actual transportation of the controlled substance to a customer but rather by transportation of the customer to the controlled substance." Plaintiff here has not argued that the vehicle was subject to forfeiture under MCL 333.7521(1)(f), so we offer no opinion on whether that subsection would support forfeiture in this case or whether *In re Forfeiture of One 1987 Chevrolet Blazer* was rightly decided.

that the trial court erred in granting claimant's motion for summary disposition under MCR 2.116(C)(10), we remand to the trial court to consider the other potentially meritorious grounds for summary disposition—particularly claimant's argument under MCR 2.116(C)(7)—that claimant raised in her dispositive motion.

## IV. CONCLUSION

Reversed and remanded to the trial court to make a determination whether claimant's motion for summary disposition should have been granted on one of the other grounds raised in her motion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Mark T. Boonstra