*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re FORFEITURE OF 2006 SATURN ION

UNPUBLISHED
March 24, 2022

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

No. 357183
Wayne Circuit Court
LC No. 19-014106-CF

2006 SATURN ION,

Defendant,

and

STEPHANIE WILSON,

Claimant-Appellee.

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. I would affirm the grant of summary disposition on the basis that the forfeiture statute does not apply when the vehicle is used to transport an individual to procure a small amount of drugs that is immediately consumed.

MCL 333.7521(1)(d) generally authorizes the forfeiture of a "conveyance, including an aircraft, vehicle, or vessel used or intended for use, to transport, or in any manner to facilitate the transportation . . . of property described in subdivision (a) or (b)." The "property described in subdivision (a) or (b)" includes controlled substances and the materials used to produce them. MCL 333.7521(1)(a)–(b).

Applied to this case, to be subject to forfeiture, claimant's vehicle must have been used, or intended to have been used, for the transportation of drugs. As claimant argues, however, even if

the testimony of Sergeant Chivas Rivers is accepted as true, the prosecution has produced no evidence that her vehicle was used to transport illegal drugs. According to the officer, he observed an alleged hand-to-hand transaction involving claimant's vehicle. Shortly after the vehicle pulled away, Rivers initiated a traffic stop on the basis of claimant not using a turn signal. It is undisputed that a search of the vehicle and its occupants produced no drugs. Indeed, Malcolm Smith's alleged comments to the officer indicates that he already consumed the $10 of heroin that he had purchased by the time of the stop.

Thus, in no sense was claimant's vehicle used for the transportation of drugs. The word "transportation" denotes traveling from one place to another. See *Merriam-Webster's Collegiate Dictionary* (11th ed) (defining "transportation" in part as "means of conveyance or travel from one place to another"). Here, the vehicle did not move the drugs from one location to another. Rather, the vehicle was used to transport an *individual* to a drug sale, upon which the drugs were immediately (or nearly immediately) consumed.

The prosecution maintains that vehicles used as transportation to and from a drug sale are subject to forfeiture, even if the vehicle was not used to transport controlled substances. In support of this position, the prosecutor relies on *In re Forfeiture of One 1987 Chevrolet Blazer*, 183 Mich App 182; 454 NW2d 201 (1990), which is nonbinding precedent on this Court because it was decided before November 1, 1990, MCR 7.215(J)(1). In that case, the claimant used his vehicle to transport customers to and from the home of an illegal drug dealer, but there was no evidence that the vehicle was actually used to transport controlled substances. *1987 Chevrolet Blazer*, 183 Mich App at 182. This Court held that the vehicle could be subject to forfeiture under MCL 333.7521(1)(f)—rather than MCL 333.7521(1)(d)—which authorizes forfeiture of:

> Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance or an imitation controlled substance in violation of this article, traceable to an exchange for a controlled substance or an imitation controlled substance in violation of this article, or used or intended to be used to facilitate any violation of this article including but not limited to money, negotiable instruments, or securities.

The Court concluded that "the property in question here is subject to forfeiture if the people can prove a 'substantial connection' between the seized property and the alleged criminal activity." *Id*. at 185, quoting *In re Forfeiture of $5,264*, 432 Mich 242, 260-262; 439 NW2d 246 (1989) (construing MCL 333.7521(1)(f) as applied to real property). The Court did not view MCL 333.7521(1)(f) as being in conflict with MCL 333.7521(1)(d), reasoning that MCL 333.7521(1)(f) "addresses contingencies in addition to those provided for in § 7521(1)(d), such as here, where the [vehicle] may have been used to facilitate the sale or receipt of a controlled substance not by actual transportation of the controlled substance to a customer but rather by transportation of the customer to the controlled substance." *Id*. at 185.

I do not find *1987 Chevrolet Blazer* persuasive and would decline to follow it. The forfeiture of vehicles that are used to transport drugs is squarely controlled by MCL 333.7521(1)(d). And it is a well-settled principle of statutory interpretation that "[a]ll other things being equal, a more specific statutory provision controls over a more general statutory provision[.]" *Telford v State*, 327 Mich App 195, 199; 933 NW2d 347 (2019). Thus, I see no

basis to ignore the requirements of MCL 333.7521(1)(d) and apply a separate, more general statutory provision. This Court's brief analysis of this issue in *1987 Chevrolet Blazer* is unconvincing.

The majority does not rely on *Chevrolet Blazer* or MCL 333.7521(1)(f),[1] but instead seems to conclude that, so long as drugs were transported in the vehicle for some infinitesimal period of time, the vehicle is subject to forfeiture under MCL 333.7521(1)(d). I cannot agree with this reading of the statute.

"Statutory language should be construed reasonably, keeping in mind the purpose of the act." *People v Zitka*, 325 Mich App 38, 49; 922 NW2d 696 (2018). See also *People v Reed*, 294 Mich App 78, 84; 819 NW2d 3 (2011) ("[S]tatutes should be construed so as to avoid absurd results.").

The forfeiture provisions of Michigan's controlled substances act, MCL 333.7101 *et seq.*, are based on the Uniform Controlled Substances Act. See *In re Forfeiture of $5,264*, 432 Mich at 255-256. See also MCL 333.7121(2) ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among those states which enact laws similar to it."). Relevant here, MCL 333.7521(1)(d) is nearly identical to § 505(a)(4) of Uniform Controlled Substances Act (1970).[2] The comment to § 505 clarifies that the purpose of the provision is to disrupt drug trafficking:

> Effective law enforcement demands that there be a means of confiscating the vehicles and instrumentalities used by drug traffickers in committing violations under this Act. The reasoning is to prevent their use in the commission of subsequent offenses involving transportation or concealment of controlled substances and to deprive the drug trafficker of needed mobility. [Uniform Laws Annotated, Uniform Controlled Substances Act (1970), § 505 comment.]

That the forfeiture provisions are aimed at drug traffickers is also clear from the Legislature including in "aircrafts" and "vessels" (which in this context I take to mean watercraft) in the list of conveyances. MCL 333.7521(1)(d). These are modes of transportation that, along with vehicles, are commonly associated with the transportation of large quantities of drugs. Indeed, it is safe to say that the Legislature was not concerned with individuals using aircrafts and vessels to obtain small amounts of drugs for personal use. In any event, it is clear that confiscation of

---

[1] The majority concludes that it does not need to address whether *1987 Chevrolet Blazer* was rightly decided because the prosecution has not argued that the vehicle is subject to forfeiture under MCL 333.7521(1)(f). But while the prosecution does not expressly rely on MCL 333.7521(1)(f), it implicitly does so by relying on *1987 Chevrolet Blazer*.

[2] § 505(a)(4) authorizes forfeiture for "all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraph (1) or (2) . . . ."

claimant's vehicle has not hindered drug traffickers.  Instead, as the trial court reasoned, the only effect appears to have been making it more difficult for claimant to buy groceries for her family.

Acknowledging that the forfeiture provisions of the Uniform Controlled Substances Act are aimed at drug traffickers rather than mere users, several state courts have disallowed forfeiture of property based on possession of controlled substances for personal use.  See generally 1 ALR 5th 375.  We need not decide this issue here, however, because even if MCL 333.7521(1)(d) applies to conveyances used to transport drugs for personal use, there was no transportation of drugs in this case, for the reasons already discussed.

/s/ Douglas B. Shapiro